IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



CARL E. WOODWARD, LLC AND THE GRAY
INSURANCE COMPANY                                                    PLAINTIFFS

VS.                              CIVIL ACTION NO. 1:09cv781 LG-RHW

THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE TRAVELERS
INDEMNITY COMPANY OF AMERICA,
ZURICH INSURANCE COMPANY, FIRST
MERCURY INSURANCE COMPANY, DIXIE
SPECIALTY INSURANCE COMPANY,
UNITED FIRE AND CASUALTY COMPANY,
AND ACCEPTANCE INDEMNITY
INSURANCE COMPANY                                                    DEFENDANTS

## NOTICE OF REMOVAL

TO:
Mrs. Gayle Parker
Circuit Court Clerk
Post Office Box 998
Gulfport, MS 39502

Brian C. Kimball, Esq.
Brunini Grantham Grower & Hewes, PLLC
Post Office Box 199
Jackson, MS 39205
*Attorney for Plaintiffs*

R. Douglas Morgan, Esq.
Christopher H. Coleman, Esq.
Dustin L. DuBose, Esq.
Carroll, Warren & Parker, PLLC
Post Office Box 1005
Jackson, MS 39215-1005
*Attorney for The Travelers Indemnity
Company of Connecticut, The Travelers
Indemnity Company of Illinois, Travelers
Property Casualty Company of America and
the Travelers Indemnity Company of America*

Edward C. Taylor, Esq.
Daniel, Coker, Horton & Bell, P.A.
Post Office Box 416
Gulfport, MS 39502
*Attorney for Zurich Insurance Company*

Louis G. Baine, III, Esq.
Page, Kruger & Holland
10 Canebrake Boulevard
Suite 200
Jackson, MS 39232-2212
*Attorney for First Mercury Insurance Co.*

David Phillips, President
Dixie Specialty Insurance, Inc.
400 Liberty Park Drive
Post Office Box 98269
Flowood, MS 39298

David M. Ott, Esq.
Bryan Nelson PA
6524 Hwy 98 W
Hattiesburg, MS 39402
Post Office Box 18109
Hattiesburg, MS 39404-8109
*Attorney for United Fire & Casualty Company*

**COMES NOW, Defendant,** Acceptance Indemnity Insurance Company ("Acceptance"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441(a), which hereby removes this cause from the Circuit Court of Harrison County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division, and in support thereof would show as follows:

(1)     **Removal.** Defendant, Acceptance, removes this cause to this Court pursuant to 28 U.S.C. Section 1441(a).

(2)     **The State Court Action.** The state court action which is removed to this Court is styled: *Carl E. Woodward, LLC and The Gray Insurance Company versus The Travelers Indemnity Company of Connecticut, The Travelers Indemnity Company of Illinois, Travelers Property Casualty Company of America, The Travelers Indemnity Company of America, Zurich Insurance Company, First Mercury Insurance Company, Dixie Specialty Insurance Company, United Fire & Casualty Company and Acceptance Indemnity Insurance Company,* cause number A-2401-09-343, and was filed in the Circuit Court of Harrison County, Mississippi. This matter

is a breach of contract and subrogation action, wherein Plaintiffs seek, inter alia, defense and indemnity under insurance policies issued by the various defendants. Plaintiffs also seek a judgment declaring the existence of coverage under the insurance policies. A copy of the state court file pertaining to this removed cause is attached hereto as Exhibit "A".

(3)     **Propriety of Removal.** This removal is proper under 28 U.S.C. § 1441(a). The state court action could have been brought in the United States District Court as a diversity action under 28 U.S.C. § 1332. This action is properly removed under 28 U.S.C. §§ 1441(a) and 1446(b) to the Southern District of Mississippi, Southern Division, as the district and division embracing the Circuit Court of Harrison County, Mississippi, in which the state court action was pending.

(4)     **Diversity.** Plaintiff, Carl E. Woodward, LLC ("Woodward"), is a Louisiana limited liability company, with its principal place of business in New Orleans, Louisiana. Plaintiff, Gray Insurance Company, is a Louisiana corporation with its principal place of business in Metairie, Louisiana. Defendants, The Travelers Indemnity Company of Connecticut, The Travelers Indemnity Company of Illinois, Travelers Property Casualty Company of America and the Travelers Indemnity Company of America are Connecticut corporations with their principal place of business in Hartford, Connecticut. Defendants, Northern Insurance Company of New York and Maryland Casualty Company (incorrectly identified as Zurich Insurance Company) are New York and Maryland corporations with their principal places of business in Illinois. Defendant, First Mercury Insurance Company, is a Illinois Corporation with its primary place of business in Southfield, Michigan. Defendant, United Fire & Casualty Company is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. Defendant, Acceptance, is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

Defendant, Dixie Specialty Insurance Company ("Dixie Specialty"), is a Mississippi corporation, but its presence in this action does not defeat diversity or removal jurisdiction as it has been fraudulently or improperly joined in this action.

Improper joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "[T]he threshold question for [the Court] is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007), *quoting Smallwood*, 385 F.3d at 573.

The Complaint alleges Dixie Specialty issued a general commercial liability insurance policy, naming DCM Construction LLC and Woodward as insureds. Complaint, ¶¶ 12 and 13. The Complaint does not attach a copy of this alleged insurance policy. Complaint, footnote 3. Upon information and belief, no such insurance policy issued by Dixie Specialty exists. Upon further information and belief, Plaintiffs based this allegation on a Certificate of Liability Insurance provided by a local insurance agent, Beacon Insurance Services, Inc., which erroneously lists "Dixie Specialty Insurance" as an "insurer offering coverage." See Certificate of Insurance, attached as Exhibit "B." In fact, Dixie neither issued an insurance policy to DCM Construction or Woodward, nor does it provide any coverage to these entities. See Affidavit of David Phillips, attached as Exhibit "C." The Certificate of Liability Insurance, purportedly signifying coverage under a policy issued by "Dixie Specialty Insurance," is not an insurance policy and gives Plaintiffs no rights to proceed against Dixie Specialty. Certificate of Liability Insurance ("This certificate is issued as a matter of information only and confers no rights upon

4

PD.3884364.2

the certificate holder"). Consequently, there is no reasonable basis for the Court to predict Plaintiffs might be able to recover against Dixie Specialty.

This action does not constitute a "direct action" as contemplated by 28 U.S.C. § 1332 (c)(1).

(5)     **Amount in Controversy.** The Plaintiffs seek indemnity and defense against claims of alleged construction defects in the Pass Marianne Condominium development. Pass Marianne has demanded $22,000,000.00 in damages against the Plaintiffs, which, in turn, seek indemnity and defense against those claims from Defendants herein. Thus, the amount in controversy easily exceeds this Court's $75,000.00 jurisdictional threshold.

(6)     **Timeliness.** This notice of removal has been filed within thirty (30) days after receipt by Defendants of a copy of a paper from which they could ascertain that the cause is removable, as provided by 28 U.S.C. § 1446(b). The Complaint, on its face, was not initially removable due to the presence of Dixie, a Mississippi defendant, which the Complaint alleges issued a commercial general liability policy to DCM Construction LLC. Upon inquiry by undersigned counsel for Acceptance, Plaintiffs furnished a copy of the document upon which they based the allegations of the Complaint vis-à-vis Dixie, a Certificate of Liability Insurance, on November 2, 2009. Although the Certificate of Liability Insurance lists "Dixie Specialty Insurance" as an "insurer affording coverage," it specifically states the Certificate itself "confers no rights upon the certificate holder." Certificate of Liability Insurance. On December 2, 2009, David Phillips, President of Dixie Specialty, furnished an Affidavit, wherein he attests Dixie is neither an insurer nor did it issue an insurance policy as alleged in the Complaint. Affidavit of David Phillips. Such Certificate of Liability Insurance and Affidavit constitute receipt of "other paper" as defined at 28 USC § 1446(b).

(7) **Consent to Removal by All Defendants.** All properly joined Defendants join in this removal, as evidenced by their separately filed joinders. Dixie is fraudulently joined. A fraudulently joined defendant need not join in or consent to the removal since only "defendants who are properly joined and served must join in the removal [notice]." *Williams v. Henson*, 42 F. Supp. 2d 628, 632 (N.D. Miss. 1999); *see also Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).

(8) **Notice to Others.** In accordance with 28 U.S.C. § 1446(d), Acceptance will promptly give notice to all parties in writing and shall file a copy of the notice of removal with the clerk of the State court.

**WHEREFORE,** Defendant, Acceptance Indemnity Insurance Company, removes this action to the United States District Court for the Southern District of Mississippi, Southern Division.

Respectfully submitted, this the 2nd day of December, 2009.

        ACCEPTANCE INDEMNITY INSURANCE
        COMPANY

BY:    PHELPS DUNBAR LLP

BY:    _____
        James G. Wyly, III, MS Bar 7415
        Thear J. Lemoine, MS Bar 99894
        PHELPS DUNBAR, LLP
        NorthCourt One • Suite 300
        2304 19th Street
        Gulfport, Mississippi 39501
        Telephone: (228) 679-1130
        Telecopier: (228) 679-1131

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this date mailed through the United States Postal Service, postage prepaid, a true and correct copy of the above and foregoing Notice of Removal to the following:

Brian C. Kimball, Esq.
Brunini Grantham Grower & Hewes, PLLC
Post Office Box 199
Jackson, MS 39205
*Attorney for Plaintiffs*

Edward C. Taylor, Esq.
Daniel, Coker, Horton & Bell, P.A.
Post Office Box 416
Gulfport, MS 39502
*Attorney for Zurich Insurance Company*

R. Douglas Morgan, Esq.
Christopher H. Coleman, Esq.
Dustin L. DuBose, Esq.
CARROLL WARREN & PARKER, PLLC
188 East Capitol Street
One Jackson Place, Suite 1200
Post Office Box 1005
Jackson, MS 39215-1005
*Attorney for The Travelers Indemnity Company of Connecticut, The Travelers Indemnity Company of Illinois, Travelers Property Casualty Company of America and the Travelers Indemnity Company of America*

Louis G. Baine, III, Esq.
Page, Kruger & Holland
10 Canebrake Boulevard
Suite 200
Jackson, MS 39232-2212
*Attorney for First Mercury Insurance Co.*

David Phillips, President
Dixie Specialty Insurance, Inc.
400 Liberty Park Drive
Post Office Box 98269
Flowood, MS 39298

David M. Ott, Esq.
Bryan Nelson PA
6524 Hwy 98 W
Hattiesburg, MS 39402
Post Office Box 18109
Hattiesburg, MS 39404-8109
*Attorney for United Fire & Casualty Co.*

This, the 2nd day of December, 2009.

_____
THEAR J. LEMOINE