## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

CARL E. WOODWARD, LLC AND                          **PLAINTIFF**
THE GRAY INSURANCE
COMPANY

vs.                                     Civil Action No. A2401-09-343

THE TRAVELERS INDEMNITY                          **DEFENDANTS**
COMPANY OF CONNECTICUT,
THE TRAVELERS INDEMNITY
COMPANY OF ILLINOIS,
TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA, THE TRAVELERS
INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY
INSURANCE COMPANY, DIXIE
SPECIALTY INSURANCE
COMPANY, UNITED FIRE &
CASUALTY COMPANY, AND
ACCEPTANCE INDEMNITY
INSURANCE COMPANY



FILED
OCT 05 2009
GAYLE PARKER, CIRCUIT CLERK
BY _____ DC

---

## COMPLAINT

---

Carl E. Woodward, LLC ("Woodward") and The Gray Insurance Company ("Gray") file

this complaint against The Travelers Indemnity Company of Connecticut, The Travelers

Indemnity Company of Illinois, Travelers Property Casualty Company of America, and The

Travelers Indemnity Company of America[1],  Zurich Insurance Company ("Zurich"), First

Mercury Insurance Company ("First Mercury"), Dixie Specialty Insurance Company ("Dixie"),

United Fire & Casualty Company ("United") and Acceptance Indemnity Insurance Company

("Acceptance").

---

[1] The four entities with "Travelers" as part of their names are sometimes collectively referred to in this complaint as
"Travelers."

**EXHIBIT
A**
tabbies

## Parties[2]

1.     Plaintiff Woodward is a Louisiana limited liability company. Its principal place of business is located at 1019 South Dupre Street, New Orleans, Louisiana 70185.

2.     Plaintiff Gray is a Louisiana corporation. Its principal place of business is located at 3601 North I-10 Service Road, Metairie, Louisiana 70002-7045.

3.     The Travelers defendants are Connecticut corporations. Their principal place of business is located at One Tower Square, Hartford, Connecticut 06193.

4.     Defendant Zurich is a New York corporation. Its principal place of business is located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10003.

5.     Defendant First Mercury is a Delaware corporation. Its principal pace of business is located at 29110 Inkster Road, Suite 100, Southfield, Michigan 48034.

6.     Defendant Dixie is a Mississippi Corporation. Its principal place of business is located at 400 Liberty Park Drive, Flowood, Mississippi 39298.

7.     Defendant United is an Iowa corporation. Its principal place of business is located at 118 Second Avenue S.E., Cedar Rapids, Iowa 52407

8.     Defendant Acceptance Indemnity Insurance Company is Nebraska corporation. Its principal place of business is located at 302 South 36th Street, Suite 500, Omaha, Nebraska 68131.

## Jurisdiction and Venue

9.     This Court has jurisdiction over this action, pursuant to Miss. Code Ann. § 9-7-81, because this action is not exclusively cognizable in any other court.

10.     Venue is properly laid in the First Judicial District of Harrison County because substantial alleged acts, omissions or events occurred in the First Judicial District of Harrison County that are relevant to this dispute and to the underlying litigation.

---

[2] The defendants are sometimes collectively referred to in this complaint as the "Insurers."

## Facts

11.     In 2005, Woodward executed a contract with Pass Marianne, LLC ("Pass Marianne") under which Woodward agreed to construct Pass Marianne Condominiums (the "Condominiums") in Pass Christian, Mississippi. Woodward entered subcontracts (the "Subcontracts") with several companies (the "Subcontractors") that required the companies to each perform a portion of the construction.

12.     In compliance with the terms of the Subcontracts, each Subcontractor obtained a general commercial liability insurance policy (the "Policies") that named both the Subcontractor and Woodward as insureds. The Policies are primary and non-contributory with regard to the general commercial liability insurance that Gray provides to Woodward.

13.     The name of each Subcontractor and the Insurer that provided the general commercial liability insurance for that Subcontractor are listed below:

| Subcontractor | Insurer | Policy No. [3] |
|---|---|---|
| T.S. Walls & Sons, Inc. | Travelers | I-680-9797B978-TIL-08<br>I-680-9797B978-TCT-07<br>I-680-9797B978-TIA-06 |
| Caron Plastering Company | Zurich | SCP037394823 |
| Jim Wallis & Son Roofing, Inc. | First Mercury | FML001724 |
| DCM Construction LLC | Dixie Specialty | CL00009404 |
| | Acceptance | CL00021334 |
| Moses Electric, Inc. | United | 60084009 |

---

[3] The Policies are not attached to this complaint because they are voluminous and because the defendant Insurers already possess the Policies.

14.    On December 22, 2008, Pass Marianne asserted a cross claim ("State Court Claim") against Woodward in Harrison County Circuit Court, Cause No. A2401-008-475, alleging deficiencies in Woodward's construction of the Condominiums.

15.    Woodward moved to stay Pass Marianne's cross-claim and compel resolution of the dispute in arbitration pending before the Arbitration Tribunals of the American Arbitration Association, Case No. 69 110 Y 00024 08. By Order dated August 19, 2009, the Court granted Woodward's motion. Pass Marianne provided Woodward a report (the "Report") that contained an itemization of its claims for alleged damages. Some of those claims relate to construction performed by the Subcontractors.

16.    On April 23, 2009, Pass Marianne filed an Answering Statement and Counter Claim ("Arbitration Claim") against Woodward in the pending arbitration, seeking $22 million in damages. Pass Marianne informed Woodward that its counterclaim also relates to the claims listed in the Report.

17.    The Policies' terms require the Insurers to provide Woodward defense and indemnity with regard to the State Court Claim and the Arbitration Claim. Therefore, Woodward demanded that the Insurers provide it with defense and indemnity with regard to those claims. The Insurers did not agree to provide Woodward with defense and indemnity.

18.    Woodward and Gray have incurred expenses defending Woodward against the claims.

## Claims for Relief

*Breach of Contract*

19.    Woodward reasserts the statements contained in ¶¶ 1-17 of this complaint.

20.    The Policies are valid contracts.

21.    The plaintiffs are intended beneficiaries of the Policies.

22.    The Insurers breached the Policies because they have not agreed to defend and indemnify Woodward with regard to Pass Marianne's claims against Woodward.

23.    The Insurers' failure to agree to defend and indemnify Woodward is an act of bad faith.

24.    The plaintiffs are entitled to recover all amounts expended to defend against and, if required, satisfy the claims Pass Marianne has asserted against Woodward. The plaintiffs are also entitled to punitive damages.

*Subrogation*

25.    The plaintiffs reassert the statements contained in ¶¶ 1-23 of this complaint.

26.    The Insurers are obligated under the terms of the Policies to defend Woodward against and, if required, satisfy the claims asserted by Pass Marianne.

27.    The Insurers' failure to satisfy their defense and indemnity obligation has required Gray to incur costs to provide Woodward's defense.

28.    Gray is, therefore, entitled to recover those costs from the Insurers.  If Gray is required to expend any amounts to satisfy Pass Marianne's claims, then Gray is also entitled to recover those amounts from the Insurers as well.

*Declaration of Coverage*

29.    The plaintiffs reassert statements contained in ¶¶ 1-27 of this complaint.

30.    The Policies impose a duty on the Insurers to defend and indemnify Gray with regard to the claims Pass Marianne has asserted against Woodward.  Therefore, Woodward and Gray require a declaration of that duty.

## Demand

ACCORDINGLY, the plaintiffs demand judgment against the defendants for (1) compensatory and punitive damages in an amount that the plaintiffs will prove at trial, (2) pre and post-judgment interest and (3) attorneys' fees incurred in this case. The plaintiffs also demand a declaration that the Policies impose a duty on the Insurers' to defend and indemnify Woodward with regard to the claims that Pass Marianne has asserted against Woodward. The plaintiffs demand such other and further relief as the Court deems appropriate.

Dated: October 1, 2009.

Respectfully submitted,

CARL E. WOODWARD, LLC AND THE GRAY
INSURANCE COMPANY

By: _Samuel C. Kelly_
One of Their Attorneys

OF COUNSEL:

Samuel C. Kelly, Miss. Bar No. 7496
skelly@brunini.com
Brian C. Kimball, Miss. Bar No. 100787
bkimball@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
190 East Capitol Street, Suite 100
Jackson, Mississippi 39201
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

# COVER SHEET

## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 2 4 1 CI | 2 0 0 9 | 8 4 3 |

County # — 24  Judicial District — 1  Court ID (CH, CI, CO) — CI

Local Docket ID

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2009)

| Month | Date | Year |
|---|---|---|
| 1 0 | 0 5 | 0 9 |

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the CIRCUIT    Court of HARRISON    County — FIRST    Judicial District

## Origin of Suit (Place an "X" in one box only)

| | | |
|---|---|---|
| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business** Carl E. Woodward, LLC
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Planitiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff** 3601 North I-10 Service Road, Metairie, LA 70002-7045

**Attorney (Name & Address)** Brian C. Kimball    MS Bar No. 100787

_____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: *Brian C. Kimball*

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

_____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

_____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter ent
D/B/A or Agency _____

**Business** Travelers Indemnity Company of Connecticut
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

**Attorney (Name & Address) - If Known** _____    MS Bar No. _____

**FILED**

**OCT 05 2009**

**GAYLE PARKER, CIRCUIT CLERK**
By _____ DC

## Damages Sought:

Compensatory $ _____    Punitive $ _____    Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [X] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other _____ | [ ] Other _____ | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other | [ ] Other |

IN THE CIRCUIT _____ COURT OF HARRISON _____ COUNTY, MISSISSIPPI

FIRST _____ JUDICIAL DISTRICT, CITY OF _Biloxi Miss._

Docket No. _2008_ - _343_     _341_          Docket No. If Filed
        File Yr     Chronological No.     Clerk's Local ID          Prior to 1/1/94 _____

### PLAINTIFFS IN REFERENCED CAUSE - Page___ of ___ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff # _2_ :**

**Individual:** _____ _____ ( _____ ) _____ _____
            Last Name        First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _The Gray Insurance Company_ _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff # ___ :**

**Individual:** _____ _____ ( _____ ) _____ _____
            Last Name        First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff # ___ :**

**Individual:** _____ _____ ( _____ ) _____ _____
            Last Name        First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

In the <u>CIRCUIT</u> Court of <u>HARRISON</u> County, Mississippi

<u>FIRST</u> Judicial District, City of ~~Gulfport~~

Docket No. <u>2009</u> - <u>343</u> <u>241</u>
File Yr          Chronological No.          Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

## DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
## IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** _____ _____ ( _____ ) ____ ____
　　　　　Last Name　　　First Name　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** The Travelers Indemnity Company of Illinois
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____ _____ ( _____ ) ____ ____
　　　　　Last Name　　　First Name　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** Travelers Property Casualty Company of America
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____ _____ ( _____ ) ____ ____
　　　　　Last Name　　　First Name　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** The Travelers Indemnity Company of America
　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

　　D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT    COURT OF HARRISON    COUNTY, MISSISSIPPI

FIRST    JUDICIAL DISTRICT, CITY OF ~~Gulfport~~

Docket No. 2008 - 343    541    Docket No. If Filed
      File Yr     Chronological No.     Clerk's Local ID        Prior to 1/1/94

### DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # ___ :**

**Individual:** _____ _____ ( _____ ) _____ _____
              Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

     Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

     D/B/A _____

**Business** Zurich Insurance Company
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

     D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** _____ _____ ( _____ ) _____ _____
              Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

     Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

     D/B/A _____

**Business** First Mercury Insurance Company
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

     D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** _____ _____ ( _____ ) _____ _____
              Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

     Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

     D/B/A _____

**Business** Dixie Specialty Insurance Company
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

     D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u> COURT OF <u>HARRISON</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF [handwritten]

Docket No. <u>2009</u> - <u>343</u> <u>241</u>
File Yr    Chronological No.    Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

## DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
## IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # ___ :**

**Individual:** _____ _____ (_____) _____ _____
Last Name        First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>United Fire & Casualty Company</u>
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** _____ _____ (_____) _____ _____
Last Name        First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>Acceptance Indemnity Insurance Company</u>
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** _____ _____ (_____) _____ _____
Last Name        First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___



**BRIAN C. KIMBALL**

E-mail: bkimball@brunini.com
Direct: 601.973.8730

The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601.948.3101

Post Office Drawer 119
Jackson, Mississippi 39205

Facsimile: 601.960.6902

September 14, 2009



Ms. Gayle Parker, Clerk
Harrison County Circuit Court - 1st Judicial District
P.O. Box 998
Gulfport, MS 39502

Re:  *Carl E. Woodward, LLC and Gray Insurance Company v. Travelers Indemnity Company of Connecticut*

Dear Ms. Parker:

Please find enclosed for filing with your office, the following:

(1)  The original and two copies of the complaint;

(2)  The original and two copies of the civil cover sheet;

(3)  The original and two copies of summonses to be issued on Travelers Indemnity Company of Connecticut, Zurich Insurance Company, First Mercury Insurance Company, Dixie Specialty Insurance Company and United Fire & Casualty Company;

Also enclosed is a firm check in the amount of $126.00 for the filing fee. We would appreciate your returning the extra copies of the complaint along with the issued summonses to us in the enclosed stamped envelope. Thank you for your assistance.

Sincerely,

Brunini, Grantham, Grower & Hewes, PLLC

*Brian C. Kimball*

Brian C. Kimball

BCK/ttb

00838625

# Circuit Court District 1

## Gayle Parker, Circuit Clerk

**DUPLICATE**

1801 23rd Avenue
P.O. Box 998
Gulfport, MS 39501
(228) 865-4183

---

Received From:    Kimball, Brian Craig
BRUNINI, GRANTHAM, GROWER & HE
P. O. DRAWER 119
JACKSON, MS 39205-0119

Date:  10/5/2009
Receipt #:  **45644**

Clerk:  JR1

Paying for:    Carl E. Woodward, Llc

Transaction Type:  Civil Payment
Payment Type:  Check         $126.00
Total Paid                  $126.00

Reference #:  185272
Original Case #:

Comment:

| Case # | Caption | Previous Balance | Amount Paid | Balance Due |
|--------|---------|------------------|-------------|-------------|
| A24010900343 | Carl E. Woodward, Llc vs  Travelers Indemnity Company Of Connecticut, Et Al | $126.00 | $126.00 | $0.00 |

File: J:\pcss\jemsrpts\Circuit\ReceiptSingleCase.RPT

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC

185272

Circuit Clerk, Harrison County

| Inv.Date | Inv.No. | Invoice Description | | Amount |
|----------|---------|--------------------|--------|--------|
| 09-11-2009 | BCK | Filing Fee | 9/11/2009 | $126.00 |
| | | | | 126.00 |

Chk#    185272

Total Paid:    $126.00

COPY

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                      **PLAINTIFF**
GRAY INSURANCE COMPANY

vs.                                                   Civil Action No. A2401- 09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                         **DEFENDANT**
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA,  ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY



FILED

OCT 0 5 2009

GAYLE PARKER, CIRCUIT CLERK
By _____ DC

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Indemnity Company of Connecticut
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205.  Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 5th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY _Jamie E. Richard_ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: [*Please print or type*]

Name_____
Social Security No._____
Address_____
_____
Telephone No._____

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

COPY

CARL E. WOODWARD, LLC AND THE                                    PLAINTIFF
GRAY INSURANCE COMPANY

vs.                                          Civil Action No. A2401-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                       DEFENDANT
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY



FILED

OCT 05 2009

GAYLE PARKER, CIRCUIT CLERK
By _____ DC

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Indemnity Company of Illinois
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


By _Jamie E. Pickard_ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below:  [*Please print or type*]

Name_____
Social Security No._____
Address_____
_____
Telephone No._____

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

IN THE CIRCUIT COURT OF HARRISON COUNTY MISSISSIPPI

COPY

| | |
|---|---|
| CARL E. WOODWARD, LLC AND THE GRAY INSURANCE COMPANY | **PLAINTIFF** |

vs.                                                       Civil Action No. A2401-09-343

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, ZURICH INSURANCE COMPANY, FIRST MERCURY INSURANCE COMPANY, DIXIE SPECIALTY INSURANCE COMPANY AND UNITED FIRE & CASUALTY COMPANY AND ACCEPTANCE INDEMNITY INSURANCE COMPANY | **DEFENDANT** |



FILED

OCT 05 2009

GAYLE PARKER, CIRCUIT CLERK

BY _____ DC

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Property Casualty Company of America
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the ____ day of October, 2009.

                    Gayle Parker, Circuit Clerk
                    Harrison County, Mississippi



                    BY: _____ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: [*Please print or type*]

Name_____
Social Security No._____
Address_____
_____
Telephone No._____

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

**COPY**

### IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                    **PLAINTIFF**
GRAY INSURANCE COMPANY

**vs.**                                          Civil Action No. A2401-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                       **DEFENDANT**
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY



FILED

OCT 05 2009

GAYLE PARKER, CIRCUIT CLERK
By_____ DC

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Indemnity Company of America
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205.  Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the ___ day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY _____ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name_____
Social Security No._____  .
Address_____
_____
Telephone No._____

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI **COPY**

CARL E. WOODWARD, LLC AND THE                                    **PLAINTIFF**
GRAY INSURANCE COMPANY

vs.                                              Civil Action No. A340I-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                       **DEFENDANT**
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF              **FILED**
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE            OCT 05 2009
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &                 GAYLE PARKER, CIRCUIT CLERK
CASUALTY COMPANY AND ACCEPTANCE           By _____ DC
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Zurich Insurance Company
      By and through its registered agent, Charles A. Brewer
      506 S. President Street
      Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY _____ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

_____ PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009,  I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below:  [*Please print or type*]

Name_____
Social Security No._____
Address_____
_____
Telephone No._____

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264



## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                      **PLAINTIFF**
GRAY INSURANCE COMPANY

vs.                                                  Civil Action No. A2401-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                         **DEFENDANT**
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY



## SUMMONS

THE STATE OF MISSISSIPPI

TO:    First Mercury Insurance Company
       29110 Inkster Road, Suite 100
       Southfield, Michigan 48034

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Samuel
C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East Capitol, Post Office
Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or delivered within (30) days from
the date of delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time
afterward.

Issued under my hand and the seal of said Court, this the 5th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY: _____ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name_____
Social Security No._____
Address_____
_____
Telephone No._____

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE
GRAY INSURANCE COMPANY                                          **PLAINTIFF**

vs.                                          Civil Action No. A2401-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS,                          **DEFENDANT**
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY



## <u>SUMMONS</u>

THE STATE OF MISSISSIPPI

TO:    Dixie Specialty Insurance Company
       By and through its registered agent, David Phillips
       400 Liberty Park Drive
       Flowood, MS 39298-8269

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 5th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY _Jamie E. Richard_ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: [*Please print or type*]

Name_____
Social Security No._____
Address_____
_____
Telephone No._____

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

COPY

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                    **PLAINTIFF**
GRAY INSURANCE COMPANY

vs.                                              Civil Action No. A24D1-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS,                                   **DEFENDANT**
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

F I L E D

OCT 0 5 2009

GAYLE PARKER, CIRCUIT CLERK
By _____ DC

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

TO:    United Fire & Casualty Company
       By and through its registered agent, Troy Ellis
       133 Kenzie Drive
       Madison, MS 39110

**NOTICE TO DEFENDANT**

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY: _____ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

_____ PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009,  I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below:  [*Please print or type*]

Name_____
Social Security No._____
Address_____
_____
Telephone No._____

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

COPY

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                    **PLAINTIFF**
GRAY INSURANCE COMPANY

**vs.**                                         Civil Action No. A2401-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                              **DEFENDANT**
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY



FILED

OCT 05 2009

GAYLE PARKER, CIRCUIT CLERK
By _____ DC

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Acceptance Indemnity Insurance Company
       302 South 36th Street, Suite 500
       Omaha, Nebraska 68131

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 5th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY: _____ D.C.

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2009, where I found said person(s) in _____ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name_____
Social Security No._____
Address_____
_____
Telephone No._____

State of_____ )
County of_____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

A2401-09-343

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

✓ PERSONAL SERVICE. I personally delivered copies to Denny Verg - Charles A. Brewer on the 9th day of October , 2009, where I found said person(s) in Hinds County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____ , 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name Markell Rhodes
Social Security No. _____
Address 190 E. Capitol Street
Jackson MS 39201
Telephone No. _____

State of MS )
County of Hinds )

**FILED**
OCT 19 2009
GAYLE PARKER, CIRCUIT CLERK
BY _____ DC

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Markell Rhodes , who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the 14th day of October , 2009.

_____
Tammy Thompson Barnett
Notary Public

My Commission Expires:

February 11, 2011

00722264

**NOTARY** — TAMMY THOMPSON BARNETT, RANKIN COUNTY, MS — PUBLIC
My Commission Expires February 11, 2011

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                    **PLAINTIFF**
GRAY INSURANCE COMPANY

vs.                                                    Civil Action No. A24D1 - D9 - 343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                    **DEFENDANT**
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA,  ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Indemnity Company of America
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

## NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205.  Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 5th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY: _Jamie T. Richard_ D.C.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                              **PLAINTIFF**
GRAY INSURANCE COMPANY

vs.                                              Civil Action No. A2401 - DA-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                 **DEFENDANT**
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Property Casualty Company of America
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the ⁓ day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY: *James E. Richard* D.C.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                    **PLAINTIFF**
GRAY INSURANCE COMPANY

vs.                                            Civil Action No. A2405-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS,                                   **DEFENDANT**
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Indemnity Company of Connecticut
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi

BY _Jamie Richard_ D.C.

A2401-09-343

## PROOF OF SERVICE - SUMMONS

      I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

    ____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

    ✓ PERSONAL SERVICE.  I personally delivered copies to Danny Perry - Charles A. Brewer on the 9th day of October , 2009, where I found said person(s) in Hinds County of the State of Mississippi.

    ____ RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi.  I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009,  I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

    ____ CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

    At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below:  [*Please print or type*]

Name Markell Rhodes
Social Security No.
Address 190 E. Capitol Street
Jackson, MS 39201
Telephone No. 601-951-3101

State of MS )
County of Hinds )

FILED
OCT 19 2009
GAYLE PARKER, CIRCUIT CLERK
By _____ DC

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Markell Rhodes, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the 14th day of October , 2009.

Tammy Thompson Barnett
Notary Public

My Commission Expires:
February 11, 2011

00722264

NOTARY PUBLIC
TAMMY THOMPSON BARNETT RANKIN COUNTY, MS
My Commission Expires
February 11, 2011

A254-09-343

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

___✓___ PERSONAL SERVICE. I personally delivered copies to _Gary Perry - Charles A. Brewer_ on the __9th__ day of _October_ , 2009, where I found said person(s) in _Hinds_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below:  *[Please print or type]*

Name _Markell Rhodes_
Social Security No. _____
Address _100 E. Capitol Str._
_Jackson MS 39202_
Telephone No. _601-981-3101_

State of _MS_            )
County of _Hinds_            )

**FILED**
OCT 19 2009
GAYLE PARKER, CIRCUIT CLERK
By_____ DC

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Markell Rhodes_ who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _14th_ day of _October_ , 2009.

_Tammy Thompson Barnett_
Notary Public

My Commission Expires:

_February 11, 2011_

00722264

*(Notary Seal: TAMMY THOMPSON BARNETT — NOTARY PUBLIC — RANKIN COUNTY, MS — My Commission Expires February 11, 2011)*

A2401-09-343

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

___✓___ PERSONAL SERVICE. I personally delivered copies to *Danny Perry - Charles A. Brewer* on the _9th_ day of _October_ , 2009, where I found said person(s) in _Hinds_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below:  *[Please print or type]*

Name *McArty Rhodes*
Social Security No. _____
Address *160 E. Capitol St.*
*Jackson, MS 39502*
Telephone No. *601 - 981 - 3101*

State of _MS_                    )
County of _Hinds_               )

F I L E D
OCT 19 2009
GAYLE PARKER, CIRCUIT CLERK
BY _____ DC

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named *Markell Rhodes* who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _14th_ day of _October_ , 2009.

_____
Notary Public

My Commission Expires:

_February 11, 2011_

00722264

TAMMY THOMPSON BARNETT
NOTARY
My Commission Expires
February 11, 2011
PUBLIC
RANKIN COUNTY, MS

_Tammy Thompson Barnett_
Notary Public

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                        PLAINTIFF
GRAY INSURANCE COMPANY

vs.                                            Civil Action No. A2401-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                          DEFENDANT
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Indemnity Company of Illinois
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

## NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi

BY: *[signature]* D.C.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**CARL E. WOODWARD, LLC AND THE**                                    **PLAINTIFF**
**GRAY INSURANCE COMPANY**

**vs.**                                          Civil Action No. A2402-09-348

**TRAVELERS INDEMNITY COMPANY OF**
**CONNECTICUT, THE TRAVELERS**
**INDEMNITY COMPANY OF ILLINOIS,**               **DEFENDANT**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, THE**
**TRAVELERS INDEMNITY COMPANY OF**
**AMERICA,  ZURICH INSURANCE**
**COMPANY, FIRST MERCURY INSURANCE**
**COMPANY, DIXIE SPECIALTY INSURANCE**
**COMPANY AND UNITED FIRE &**
**CASUALTY COMPANY AND ACCEPTANCE**
**INDEMNITY INSURANCE COMPANY**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    United Fire & Casualty Company
       By and through its registered agent, Troy Ellis
       133 Kenzie Drive
       Madison, MS 39110

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT**
**AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205.  Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

                                 Gayle Parker, Circuit Clerk
                                 Harrison County, Mississippi

                                 BY: _Jamie E. Richard_ D.C.

A2401-09-343

## PROOF OF SERVICE - SUMMONS

FILED

OCT 13 2009

GAYLE PARKER, CIRCUIT CLERK

By _____ DC

      I, the undersigned process server, served the summons and complaint upon the person identified as named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

__X__ **PERSONAL SERVICE.** I personally delivered copies to  TROY ELLIS _____ on the _12th_ day of _OCT._, 2009, where I found said person(s) in _MADISON_ County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

      At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below:  [*Please print or type*]

Name _DEXTER DURR_____
Social Security No. _____
Address _190 E. CAPITOL STREET____
_____
Telephone No. _____

State of _MISSISSIPPI_____ )
County of _HINDS_____ )

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Dexter Durr_, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _13th_ day of _October_____, 2009.

_Tammy Thompson Barnett_
Notary Public

My Commission Expires:

_February 11, 2011_

00722264

TAMMY THOMPSON BARNETT
RANKIN COUNTY
NOTARY
My Commission Expires
February 11, 2011
PUBLIC
MS



A2401-09-343

## PROOF OF SERVICE - SUMMONS

FILED
OCT 19 2009
GAYLE PARKER, CIRCUIT CLERK
_____ DC

      I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

    _____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

    __X__ PERSONAL SERVICE. I personally delivered copies to _Christie Beasly._ on the _12th_ day of _oct_, 2009, where I found said person(s) in _Rankin_ County of the State of Mississippi.

    _____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

    _____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

    At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name _Marcus Washington_
Social Security No. _____
Address _19 East Capitol St_
_Jackson ms 3924_
Telephone No. _601-948-3101_

State of _Mississippi_ )
County of _Hinds_ )

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Marcus Washington_ who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

    Sworn to and subscribed before me this the _14th_ day of _October_, 2009.



_Tammy Thompson Barnett_
Notary Public

My Commission Expires:

_February 11, 2011_

00722264

Issued under my hand and the seal of said Court, this the ___ day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi

BY _____ D.C.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**CARL E. WOODWARD, LLC AND THE**                                    **PLAINTIFF**
**GRAY INSURANCE COMPANY**

**vs.**                                                  Civil Action No. A24DI-E9· B43

**TRAVELERS INDEMNITY COMPANY OF**                                   **DEFENDANT**
**CONNECTICUT, THE TRAVELERS**
**INDEMNITY COMPANY OF ILLINOIS,**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, THE**
**TRAVELERS INDEMNITY COMPANY OF**
**AMERICA,  ZURICH INSURANCE**
**COMPANY, FIRST MERCURY INSURANCE**
**COMPANY, DIXIE SPECIALTY INSURANCE**
**COMPANY AND UNITED FIRE &**
**CASUALTY COMPANY AND ACCEPTANCE**
**INDEMNITY INSURANCE COMPANY**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   Dixie Specialty Insurance Company
      By and through its registered agent, David Phillips
      400 Liberty Park Drive
      Flowood, MS 39298-8269

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT**
**AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205.  Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.



**TAMMY BARNETT**

E-mail: tbarnett@brunini.com
Direct: 601.973.8707

The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601.948.3101

Post Office Drawer 119
Jackson, Mississippi 39205

Facsimile: 601.960.6902

October 14, 2009



Ms. Gayle Parker, Clerk
Harrison County Circuit Court - 1st Judicial District
P.O. Box 998
Gulfport, MS 39502

Re:   ***Carl E. Woodward, LLC and Gray Insurance Company v. Travelers Indemnity Company of Connecticut***, Civil Action No. A2401-89-343

Dear Ms. Parker:

Please find enclosed for filing in the above referenced matter, the original proofs of service for summonses and complaints served on Dixie Specialty Insurance Company, United Fire & Casualty Company, Travelers Indemnity Company of Connecticut, Travelers Indemnity Company of Illinois, Travelers Property Casualty Company of America, Travelers Indemnity Company of America, and Zurich Insurance Company.

Sincerely,

Brunini, Grantham, Grower & Hewes, PLLC

Tammy Barnett
Legal Assistant

TB/lm

A24D1-D9-343

## PROOF OF SERVICE - SUMMONS



FILED
OCT 19 2009
GAYLE PARKER CIRCUIT CLERK
_____ DC

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

✓ PERSONAL SERVICE. I personally delivered copies to _Derry Perry - Charles A. Brewer_ on the _9th_ day of _October_, 2009, where I found said person(s) in _Hinds_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name _Markell Rhodes_
Social Security No. _____
Address _190 E. Capitol Street_
_Jackson MS 39201_
Telephone No. _601-981-2101_

State of _MS_ )
County of _Hinds_ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Markell Rhodes_, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Markell Rhodes_
Process Server

Sworn to and subscribed before me this the _14th_ day of _October_, 2009.

_Tammy Thompson Barnett_
Notary Public

My Commission Expires:
_February 11, 2011_
00722264

TAMMY THOMPSON BARNETT
RANKIN COUNTY, MS
NOTARY
My Commission Expires
February 11, 2011
PUBLIC ★

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**CARL E. WOODWARD, LLC AND THE**                                    **PLAINTIFF**
**GRAY INSURANCE COMPANY**

**vs.**                                         Civil Action No. A2901-09-348

**TRAVELERS INDEMNITY COMPANY OF**
**CONNECTICUT, THE TRAVELERS**                            **DEFENDANT**
**INDEMNITY COMPANY OF ILLINOIS,**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, THE**
**TRAVELERS INDEMNITY COMPANY OF**
**AMERICA, ZURICH INSURANCE**
**COMPANY, FIRST MERCURY INSURANCE**
**COMPANY, DIXIE SPECIALTY INSURANCE**
**COMPANY AND UNITED FIRE &**
**CASUALTY COMPANY AND ACCEPTANCE**
**INDEMNITY INSURANCE COMPANY**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:     Zurich Insurance Company
        By and through its registered agent, Charles A. Brewer
        506 S. President Street
        Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT**
**AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 3⁽ day of October, 2009.

                Gayle Parker, Circuit Clerk
                Harrison County, Mississippi


                BY _____ D.C.



**TAMMY BARNETT**

E-mail: tbarnett@brunini.com
Direct: 601.973.8707

The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601.948.3101

Post Office Drawer 119
Jackson, Mississippi 39205

Facsimile: 601.960.6902

October 20, 2009



Ms. Gayle Parker, Clerk
Harrison County Circuit Court - 1st Judicial District
P.O. Box 998
Gulfport, MS 39502

Re:    ***Carl E. Woodward, LLC and Gray Insurance Company v. Travelers Indemnity Company of Connecticut***, Civil Action No. A2401-89-343

Dear Ms. Parker:

Please find enclosed for filing in the above referenced matter, the original proof of service for the summons and complaint served on First Mercury Insurance Company.

Sincerely,

Brunini, Grantham, Grower & Hewes, PLLC

Tammy Barnett
Legal Assistant

TB/lm

00858593

A 2401-89-343

## PROOF OF SERVICE - SUMMONS

   I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

   ____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

   _X_ PERSONAL SERVICE. I personally delivered copies to _Mercury Insurance Co._ on the _15_ day of _October_ 2009, where I found said person(s) in _Oakland_ County of the State of ~~Mississippi~~. _Michigan March 11, 2009 P.M. v. Delivered to Frances Garland, Receptionst_ _To 29621 Northwestern Hwy' Southfield MI 48034_

   ____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

   ____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

   At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $ _75_

Process server must list below: *[Please print or type]*

Name _Ruel E. McPherson_
Social Security No. _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_
Address _23439 Davey_
_Hazel Park Mi 48030_
Telephone No. _248-545-7061_

State of _____ )
County of _____ )

FILED
OCT 22 2009
GAYLE PARKER, CIRCUIT CLERK
By _____ DC

   Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Ruel E. McPhens_ who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Frances Garland_
_Receptnist_

_____
Process Server

Ruel E. McPherson
Court Officer

_Natasia_
_Paulsen V.R._

Sworn to and subscribed before me this the _____ day of _____, 2009.

_____
Notary Public

My Commission Expires:

_____

00722264

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**CARL E. WOODWARD, LLC AND THE**                                    **PLAINTIFF**
**GRAY INSURANCE COMPANY**

**vs.**                                                Civil Action No. A2401-D9- 313

**TRAVELERS INDEMNITY COMPANY OF**
**CONNECTICUT, THE TRAVELERS**                          **DEFENDANT**
**INDEMNITY COMPANY OF ILLINOIS,**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, THE**
**TRAVELERS INDEMNITY COMPANY OF**
**AMERICA, ZURICH INSURANCE**
**COMPANY, FIRST MERCURY INSURANCE**
**COMPANY, DIXIE SPECIALTY INSURANCE**
**COMPANY AND UNITED FIRE &**
**CASUALTY COMPANY AND ACCEPTANCE**
**INDEMNITY INSURANCE COMPANY**



FILED

OCT 22 2009

GAYLE PARKER, CIRCUIT CLERK
By_____DC

## <u>SUMMONS</u>

THE STATE OF MISSISSIPPI

TO:   First Mercury Insurance Company
      29110 Inkster Road, Suite 100
      Southfield, Michigan 48034

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Samuel

C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East Capitol, Post Office

Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or delivered within (30) days from

the date of delivery of this summons and complaint or a judgment by default will be entered against you for

the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time

afterward.

Issued under my hand and the seal of said Court, this the ___ day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


By _____ D.C.

A2401-09-343

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

_✓__ PERSONAL SERVICE. I personally delivered copies to *Denny Very - Charles A. Brewer* on the _9th_ day of _October_, 2009, where I found said person(s) in _Hinds_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name _Markell Rhodes_
Social Security No. _____
Address _190 E. Capital Street_
_Jackson, MS 39201_
Telephone No. _____

State of _MS_____ )
County of _Hinds_____ )

**FILED**

OCT 19 2009

GAYLE PARKER, CIRCUIT CLERK
By _____ DC

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Markell Rhodes_, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _14th_ day of _October_____, 2009.

_Tammy Thompson Barnett_
Notary Public

My Commission Expires:

_February 11, 2011_

00722264

TAMMY THOMPSON BARNETT · RANKIN COUNTY MS · NOTARY PUBLIC
My Commission Expires
February 11, 2011

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**CARL E. WOODWARD, LLC AND THE**                                    **PLAINTIFF**
**GRAY INSURANCE COMPANY**

**vs.**                                              Civil Action No. A2401-09-343

**TRAVELERS INDEMNITY COMPANY OF**
**CONNECTICUT, THE TRAVELERS**                        **DEFENDANT**
**INDEMNITY COMPANY OF ILLINOIS,**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, THE**
**TRAVELERS INDEMNITY COMPANY OF**
**AMERICA, ZURICH INSURANCE**
**COMPANY, FIRST MERCURY INSURANCE**
**COMPANY, DIXIE SPECIALTY INSURANCE**
**COMPANY AND UNITED FIRE &**
**CASUALTY COMPANY AND ACCEPTANCE**
**INDEMNITY INSURANCE COMPANY**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Indemnity Company of America
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

## NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT**
**AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 5ᵗʰ day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY _Jamie T. Richard_ D.C.

A2401-09-343

PROOF OF SERVICE - SUMMONS

     I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

     \_\_\_\_ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

     ✓ PERSONAL SERVICE. I personally delivered copies to *Danny Perry - Charles A. Brewer* on the *9th* day of *October*, 2009, where I found said person(s) in *Hinds* County of the State of Mississippi.

     \_\_\_\_ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the \_\_\_\_\_ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the \_\_\_\_\_ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

     \_\_\_\_ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

     At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____

Process server must list below: *[Please print or type]*

Name *Markell Rhodes*

Social Security No. _____

Address *190 E. Capitol Street*

*Jackson, MS 39201*

Telephone No. *601-981-3101*

State of *MS* )
County of *Hinds* )

**FILED**

OCT 19 2009

GAYLE PARKER, CIRCUIT CLERK

By _____ DC

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named *Markell Rhodes* who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

                   Process Server

     Sworn to and subscribed before me this the *14th* day of *October*, 2009.

          *Tammy Thompson Barnett*

          Notary Public

My Commission Expires:

*February 11, 2011*

00722264

*(Notary Seal: TAMMY THOMPSON BARNETT — RANKIN COUNTY, MS — NOTARY PUBLIC — My Commission Expires February 11, 2011)*

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**CARL E. WOODWARD, LLC AND THE**                                    **PLAINTIFF**
**GRAY INSURANCE COMPANY**

**vs.**                                                    Civil Action No. A24D1 - DA - 343

**TRAVELERS INDEMNITY COMPANY OF**
**CONNECTICUT, THE TRAVELERS**                              **DEFENDANT**
**INDEMNITY COMPANY OF ILLINOIS,**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, THE**
**TRAVELERS INDEMNITY COMPANY OF**
**AMERICA, ZURICH INSURANCE**
**COMPANY, FIRST MERCURY INSURANCE**
**COMPANY, DIXIE SPECIALTY INSURANCE**
**COMPANY AND UNITED FIRE &**
**CASUALTY COMPANY AND ACCEPTANCE**
**INDEMNITY INSURANCE COMPANY**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Property Casualty Company of America
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT**
**AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the ⟨⟩ day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY: _____ D.C.

A254-09-343

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

__✓__ PERSONAL SERVICE. I personally delivered copies to _Dany Perry - Charles A. Brown_ on the _9th_ day of _October_, 2009, where I found said person(s) in _Hinds_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name _Markell Rhodz_
Social Security No. _____
Address _160 E. Capitol Str._
_Jackson MS 39202_
Telephone No. _601-981-3101_

State of _MS_        )
County of _Hinds_    )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Markell Rhodes_ who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _14th_ day of _October_, 2009.

_Tammy Thompson Barnett_
Notary Public

My Commission Expires:

_February 11, 2011_

00722264

FILED
OCT 19 2009

GAYLE PARKER, CIRCUIT CLERK
By _____ DC

*(Notary seal: TAMMY THOMPSON BARNETT, RANKIN COUNTY, MS, NOTARY PUBLIC, My Commission Expires February 11, 2011)*

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                    PLAINTIFF
GRAY INSURANCE COMPANY

vs.                                         Civil Action No. A2401-09-343

TRAVELERS INDEMNITY COMPANY OF                                   DEFENDANT
CONNECTICUT, THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Travelers Indemnity Company of Connecticut
      By and through its registered agent, Charles A. Brewer
      506 South President Street
      Jackson, MS 39201

## NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY: _Jamie E. Richard_ D.C.

A254b-09-343

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

__✓__ PERSONAL SERVICE. I personally delivered copies to _Danny Perry - Charles A. Brewer_ on the __9th__ day of _October_, 2009, where I found said person(s) in _Hind_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name _McCrary Rhodes_
Social Security No. _____
Address _120 L. Capitol St._
_Jackson, MS 39502_
Telephone No. _601 - 981 - 3101_

State of _MS_ )
County of _Hinds_ )

F I L E D
OCT 19 2009
GAYLE PARKER, CIRCUIT CLERK
By _Jasmine Richard_ DC

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Markell Rhodes_ who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _14th_ day of _October_____, 2009.

_Tammy Thompson Barnett_
Notary Public

My Commission Expires:

_February 11, 2011_
00722264

*(Notary seal: TAMMY THOMPSON BARNETT — RANKIN COUNTY — NOTARY PUBLIC — My Commission Expires February 11, 2011 — MS)*

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

**CARL E. WOODWARD, LLC AND THE**                                          **PLAINTIFF**
**GRAY INSURANCE COMPANY**

**vs.**                                                            Civil Action No. A24D1-09-343

**TRAVELERS INDEMNITY COMPANY OF**
**CONNECTICUT, THE TRAVELERS**                                    **DEFENDANT**
**INDEMNITY COMPANY OF ILLINOIS,**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA, THE**
**TRAVELERS INDEMNITY COMPANY OF**
**AMERICA, ZURICH INSURANCE**
**COMPANY, FIRST MERCURY INSURANCE**
**COMPANY, DIXIE SPECIALTY INSURANCE**
**COMPANY AND UNITED FIRE &**
**CASUALTY COMPANY AND ACCEPTANCE**
**INDEMNITY INSURANCE COMPANY**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    Travelers Indemnity Company of Illinois
       By and through its registered agent, Charles A. Brewer
       506 South President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT**
**AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi

BY: _____ D.C.

A2401-09-343
PROOF OF SERVICE - SUMMONS

FILED

I, the undersigned process server, served the summons and complaint upon the person or entity named OCT 13 2009
above in the manner set forth below (process server must check proper space and provide all additional information
that is requested and pertinent to the mode of service used):

GAYLE PARKER, CIRCUIT CLERK
By _____ DC

____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage
prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of
notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed
acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

__X__ PERSONAL SERVICE. I personally delivered copies to ___TROY ELLIS_____ on
the __12th__ day of __OCT.__ , 2009, where I found said person(s) in __MADISON__ County of the State of
Mississippi.

____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said
person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____,
2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with
_____ who is the _____ , a member of the family of the person served above the
age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of
_____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of
abode where the copies were left.

____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage
prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name __DEXTER DURR_____
Social Security No._____
Address __190 E. CAPITOL STREET_____
_____
Telephone No._____

State of __MISSISSIPPI_____ )
County of __HINDS_____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the
within named __Dexter Durr__ , who being first duly sworn state on oath that the matters and facts set forth in the
foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the __13th__ day of __October_____ , 2009.



__Tammy Thompson Barnett__
Notary Public

My Commission Expires:

__February 11, 2011__
00722264

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                                PLAINTIFF
GRAY INSURANCE COMPANY

vs.                                           Civil Action No. A2402-09.343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                                   DEFENDANT
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    United Fire & Casualty Company
       By and through its registered agent, Troy Ellis
       133 Kenzie Drive
       Madison, MS 39110

## NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 8th day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY: _____ D.C.



**TAMMY BARNETT**

E-mail: tbarnett@brunini.com
Direct: 601.973.8707

The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601.948.3101

Post Office Drawer 119
Jackson, Mississippi 39205

Facsimile: 601.960.6902

October 14, 2009



Ms. Gayle Parker, Clerk
Harrison County Circuit Court - 1st Judicial District
P.O. Box 998
Gulfport, MS 39502

Re:    ***Carl E. Woodward, LLC and Gray Insurance Company v. Travelers Indemnity Company of Connecticut***, Civil Action No. A2401-89-343

Dear Ms. Parker:

Please find enclosed for filing in the above referenced matter, the original proofs of service for summonses and complaints served on Dixie Specialty Insurance Company, United Fire & Casualty Company, Travelers Indemnity Company of Connecticut, Travelers Indemnity Company of Illinois, Travelers Property Casualty Company of America, Travelers Indemnity Company of America, and Zurich Insurance Company.

Sincerely,

Brunini, Grantham, Grower & Hewes, PLLC

*Tammy Barnett*

Tammy Barnett
Legal Assistant

TB/lm

A254b-09-343

## PROOF OF SERVICE - SUMMONS



FILED
OCT 19 2009

GAYLE PARKER, CIRCUIT CLERK
_____DC

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)*.

__✗__ PERSONAL SERVICE. I personally delivered copies to _Christie Beard_. _____ on the _12th_ day of _Oct_ , 2009, where I found said person(s) in _Rankin_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below:  *[Please print or type]*

Name _Marcus Washington_
Social Security No._____
Address _190 East Capitol St_
_Jackson, MS 3924_
Telephone No. _601-948-3101_

State of _Mississippi_ )
County of _Hinds_ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Marcus Washington_ who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _14th_ day of _October_ , 2009.

_Tammy Thompson Barnett_
Notary Public

My Commission Expires:

_February 11, 2011_

00722264

TAMMY THOMPSON BARNETT
NOTARY
My Commission Expires
February 11, 2011
PUBLIC
RANKIN COUNTY, MS

Issued under my hand and the seal of said Court, this the 3rd day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY _____ D.C.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                    **PLAINTIFF**
GRAY INSURANCE COMPANY

vs.                                          Civil Action No. A24D1-09-343

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                        **DEFENDANT**
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:     Dixie Specialty Insurance Company
        By and through its registered agent, David Phillips
        400 Liberty Park Drive
        Flowood, MS 39298-8269

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

A2401-09-343

## PROOF OF SERVICE - SUMMONS

FILED
OCT 19 2009
GAYLE PARKER, CIRCUIT CLERK
DC

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

___✓___ PERSONAL SERVICE. I personally delivered copies to _Denny Perry - Charles A. Brewer_ on the _9th_ day of _October_ , 2009, where I found said person(s) in _Hinds_ County of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ , Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ , a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____
Process server must list below: *[Please print or type]*

Name _Markell Rhodes_
Social Security No. _____
Address _190 E. Capitol Street_
_Jackson MS 39201_
Telephone No. _601-981-2101_

State of _MS_ )
County of _Hinds_ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Markell Rhodes_, who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Markell Rhodes_
Process Server

Sworn to and subscribed before me this the _14th_ day of _October_ , 2009.

_Tammy Thompson Barnett_
Notary Public

My Commission Expires:
_February 11, 2011_
00722264

TAMMY THOMPSON BARNETT
NOTARY
RANKIN COUNTY, MS
My Commission Expires
February 11, 2011
PUBLIC

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE                                           PLAINTIFF
GRAY INSURANCE COMPANY

vs.                                                 Civil Action No. A2401-09-393

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS                                              DEFENDANT
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Zurich Insurance Company
       By and through its registered agent, Charles A. Brewer
       506 S. President Street
       Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to

Samuel C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East

Capitol, Post Office Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or

delivered within (30) days from the date of delivery of this summons and complaint or a judgment

by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 3rd day of October, 2009.

Gayle Parker, Circuit Clerk
Harrison County, Mississippi


BY _Jamie Chidested_ D.C.

A 2401-89-343

## PROOF OF SERVICE - SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender *(Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).*

_X_ PERSONAL SERVICE. I personally delivered copies to *Mercury Insurance Co.* on the _15_ day of _October_ 2009, where I found said person(s) in *Oakland* County of the State of Mississippi. *Michigan March Parson v. Post corrected address of To 29621 Northwestern Hwy, Southfield MI 48034* *at 4:42 P.M., delivered to Frances Garland, Receptionist*

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____, Mississippi. I served the summons and complaint on the _____ day of _____, 2009, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2009, I mailed (by first class mail, postage paid) copies to the person served at his usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $ _75^00_
Process server must list below: *[Please print or type]*

Name _Ruel E. McPherson_
Social Security No. _381-32 3832_
Address _23439 Davey_
_Hazel Park MI 48030_
Telephone No. _248.545 7061_

F I L E D
OCT 22 2009
GAYLE PARKER, CIRCUIT CLERK
By _____ DC

State of _____ )
County of _____ )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Ruel E. McPhers_ who being first duly sworn state on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Frances Garland_
_Receptionist_

_____
Process Server

Ruel E. McPherson
Court Officer

_Natasha_    Sworn to and subscribed before me this the _____ day of _____, 2009.
_Paulsen V.P._

_____
Notary Public

My Commission Expires:

_____

00722264

Issued under my hand and the seal of said Court, this the 3ʰ day of October, 2009.

        Gayle Parker, Circuit Clerk
        Harrison County, Mississippi

        BY _____ D.C.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

CARL E. WOODWARD, LLC AND THE
GRAY INSURANCE COMPANY

**PLAINTIFF**

vs.

Civil Action No. A2401-D9- 843

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY INSURANCE
COMPANY, DIXIE SPECIALTY INSURANCE
COMPANY AND UNITED FIRE &
CASUALTY COMPANY AND ACCEPTANCE
INDEMNITY INSURANCE COMPANY

**DEFENDANT**



FILED

OCT 2 2 2009

GAYLE PARKER, CIRCUIT CLERK
By_____DC

## SUMMONS

THE STATE OF MISSISSIPPI

TO:    First Mercury Insurance Company
       29110 Inkster Road, Suite 100
       Southfield, Michigan 48034

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Samuel

C. Kelly and Brian C. Kimball, attorneys for the Plaintiffs, whose address is 190 East Capitol, Post Office

Drawer 119, Jackson, Mississippi 39205. Your response must be mailed or delivered within (30) days from

the date of delivery of this summons and complaint or a judgment by default will be entered against you for

the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time

afterward.

1801 23rd Avenue, P.O. Box 998. Gulfport, 39501 MS. Phone: (228) 865-4183 EXT
## CASE HISTORY FOR CASE A24010900343
Carl E. Woodward, Llc vs Travelers Indemnity Company Of Connecticut, Et Al

| FILED DATE: 10/5/2009 | CASE TYPE: 4/INSURANCE | STATUS: Active |
|---|---|---|
| | JUDGE: Clark, Roger T | |

---

## CASE PARTIES:

| | |
|---|---|
| Plaintiff | Carl E. Woodward, Llc |
| Plaintiff Attorney | Kimball, Brian Craig |
| Defendant | Travelers Indemnity Company Of Connecticut, Et Al |
| Defendant | Acceptance Indemnity Insurance Company |
| Defendant | United Fire & Casualty Company |
| Defendant | Dixie Specialty Insurance Company |
| Defendant | First Mercury Insurance Company |
| Defendant | Zurich Insurance Company |
| Defendant | Travelers Property Casualty Company Of America |
| Defendant | Travelers Indemnity Company Of Illinois |

## CASE HISTORY FOR CASE A24010900343

---

**Carl E. Woodward, Llc**
3601 North I-10 Service Road

Metairie, LA 70002-7045

| | | |
|---|---|---|
| Current Age: Unknown | | DOB: Unknown |
| DL#: | | SSN: 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 |
| Total Paid: $ 126.00 | | Balance Due: $ 0.00 |

| COST | AMOUNT | PAY PRIORITY |
|---|---|---|

Total:

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 10/19/2009 | 12:49 pm | Filing recorded: PROOF OF SERVICE ON ZURICH INSURANCE COMPANY<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:49 pm | JR1 recorded the following Case Action Note: SERVED ON DANNY PERRY/CHARLES BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:46 pm | Filing recorded: PROOF OF SERVICE ON TRAVELERS INDEMNITY CO. OF AMERICA<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:46 pm | JR1 recorded the following Case Action Note: SERVED ON DANNY PERRY/CHARLES A. BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:28 pm | Filing recorded: PROOF OF SERVICE ON TRAVELERS PROPERTY CASUALTY CO<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:28 pm | JR1 recorded the following Case Action Note: OF AMERICA  - SERVED ON DANNY PERRY/CHARLES BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:27 pm | Filing recorded: PROOF OF SERVICE ON TRAVELERS INDEMNITY CO. OF ILLINOIS<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:27 pm | JR1 recorded the following Case Action Note: SERVED ON DANNY PERRY/CHARLES A. BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:25 pm | Filing recorded: PROOF OF SERVICE ON TRAVELERS INDEMNITY CO OF CONN.<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:25 pm | JR1 recorded the following Case Action Note: SERVED ON DANNY PERRY/CHARLES A. BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT |

CASE HISTORY FOR CASE A24010900:

| | | Carl E. Woodward, Llc |
|---|---|---|
| 10/19/2009 | 12:22 pm | Filing recorded: PROOF OF SERVICE ON UNITED FIRE & CASUALTY CO. C/O |
| | | Carl E. Woodward, Llc |
| 10/19/2009 | 12:22 pm | JR1 recorded the following Case Action Note: TROY ELLIS - SERVED ON OCTOBER 12, 2009 BY DEXTER DURR F/B TAMMY BARNETT |
| | | Carl E. Woodward, Llc |
| 10/19/2009 | 12:19 pm | Filing recorded: PROOF OF SERVICE ON DIXIE SPECIALTY INS. CO. |
| | | Carl E. Woodward, Llc |
| 10/19/2009 | 12:19 pm | JR1 recorded the following Case Action Note: SERVED ON CHRISTIE BEARD FOR DIXIE SPECIALTY INS. CO ON OCTOBER 12, 2009 BY MARCU WASHINGTON F/B TAMMY BARNETT |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 1:07 pm | Filing recorded: SUMMONS ISSUED TO TRAVELERS INDEMNITY CO. CONNECTICUT |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 1:07 pm | JR1 recorded the following Case Action Note: C/O CHARLES A. BREWER, ITS REGISTERED AGENT F/B BRIAN KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 1:04 pm | Filing recorded: SUMMONS ISSUED TO TRAVELERS INDEMNITY CO. OF ILLINOIS |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 1:04 pm | JR1 recorded the following Case Action Note: C/O CHARLES A. BREWER, ITS REGISTERED AGENT - F/B BRIAN KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 1:03 pm | Filing recorded: SUMMONS ISSUED TO TRAVELERS PROPERTY CASUALTY CO |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 1:03 pm | JR1 recorded the following Case Action Note: C/O CHARLES A. BREWER, ITS REGISTERED AGENT - F/B BRIAN KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 1:00 pm | Filing recorded: SUMMONS ISSUED TO TRAVELERS INDEMNITY CO. OF AMERICA |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 1:00 pm | JR1 recorded the following Case Action Note: C/O CHARLES A. BREWER, ITS REGISTERED AGENT - F/B BRIAN KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:58 pm | Filing recorded: SUMMONS ISSUED TO ZURICH INSURANCE COMPANY |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:58 pm | JR1 recorded the following Case Action Note: C/O CHARLES A. BREWER - F/B BRIAN KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:56 pm | Filing recorded: SUMMONS ISSUED TO FIRST MERCURY INSURANCE CO. |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:56 pm | JR1 recorded the following Case Action Note: F/B BRIAN KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:54 pm | Filing recorded: SUMMONS ISSUED TO DIXIE SPECIALTY INS. COMPANY |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:54 pm | JR1 recorded the following Case Action Note: C/O DAVID PHILLIPS - F/B BRIAN C. KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:51 pm | Filing recorded: SUMMONS ISSUED TO UNITED FIRE & CASUALTY COMPANY |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:51 pm | JR1 recorded the following Case Action Note: F/B BRIAN C. KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:49 pm | Filing recorded: SUMMONS ISSUED TO ACCEPTANCE INDEMNITY INS. CO. |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:49 pm | JR1 recorded the following Case Action Note: F/B BRIAN C. KIMBALL - RETURNED TO ATTORNEY FOR SERVICE |
| | | Carl E. Woodward, Llc |
| 10/05/2009 | 12:22 pm | Filing recorded: Added Judge Assigned Clark |

| 10/05/2009 | 12:20 pm | Filing recorded: COMPLAINT |
| | | Carl E. Woodward, Llc |

# Circuit Court District 1

1801 23rd Aven... P.O. Box 998 Gulfport, 39501 MS, Phone: (228) 865-4183 EXD...

## CASE HISTORY FOR CASE A24010900343
Carl E. Woodward, Llc vs Travelers Indemnity Company Of Connecticut, Et Al

...LED DATE: 10/5/2009     CASE TYPE: 4/INSURANCE     STATUS: Active
JUDGE: Clark, Roger T

**...ASE PARTIES:**

| | |
|---|---|
| Plaintiff | Carl E. Woodward, Llc |
| Plaintiff Attorney | Kimball, Brian Craig |
| Defendant | Travelers Indemnity Company Of Connecticut, Et Al |
| Defendant | Acceptance Indemnity Insurance Company |
| Defendant | United Fire & Casualty Company |
| Defendant | Dixie Specialty Insurance Company |
| Defendant | First Mercury Insurance Company |
| Defendant | Zurich Insurance Company |
| Defendant | Travelers Property Casualty Company Of America |
| Defendant | Travelers Indemnity Company Of Illinois |

**...ASE HISTORY FOR CASE A24010900343**

...arl E. Woodward, Llc     Current Age: Unknown     DOB: Unknown
3601 North I-10 Service Road     DL#:     SSN: 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
    Total Paid: $ 126.00     Balance Due: $ 0.00
Metairie, LA 70002-7045

| COST | AMOUNT | PAY PRIORITY |
|---|---|---|
| | | |
| Total: | | |

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 10/19/2009 | 12:49 pm | Filing recorded: PROOF OF SERVICE ON ZURICH INSURANCE COMPANY<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:49 pm | JR1 recorded the following Case Action Note: SERVED ON DANNY PERRY/CHARLES BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:46 pm | Filing recorded: PROOF OF SERVICE ON TRAVELERS INDEMNITY CO. OF AMERICA<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:46 pm | JR1 recorded the following Case Action Note: SERVED ON DANNY PERRY/CHARLES A. BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:28 pm | Filing recorded: PROOF OF SERVICE ON TRAVELERS PROPERTY CASUALTY CO<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:28 pm | JR1 recorded the following Case Action Note: OF AMERICA - SERVED ON DANNY PERRY/CHARLES BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:27 pm | Filing recorded: PROOF OF SERVICE ON TRAVELERS INDEMNITY CO. OF ILLINOIS<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:27 pm | JR1 recorded the following Case Action Note: SERVED ON DANNY PERRY/CHARLES A. BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:25 pm | Filing recorded: PROOF OF SERVICE ON TRAVELERS INDEMNITY CO OF CONN.<br>Carl E. Woodward, Llc |
| 10/19/2009 | 12:25 pm | JR1 recorded the following Case Action Note: SERVED ON DANNY PERRY/CHARLES A. BREWER ON OCTOBER 9, 2009 BY MARKELL RHODES F/B TAMMY BARNETT |

E-4) NO FACSIMILE CONNECTION
E-3) BUSY     E-1) HANG UP OR LINE FAIL     E-2) NO ANSWER
REASON FOR ERROR

| 658 MEMORY TX | | 9676113I | | OK | 28/28 |
|---|---|---|---|---|---|
| TRANSMITTED/STORED : NOV. 16, 2009 2:48PM | | | | | |
| FILE MODE | OPTION | ADDRESS | | RESULT | PAGE |

FAX HEADER: CIRCUIT COURT

* * * COMMU..ATION RESULT REPORT ( NOV. 16, 200..  2:51PM ) * * *

P. 1

* * * COMM CATION RESULT REPORT ( OCT. 26. 20  12:57PM ) * * *

FAX HEADER: CIRCUIT COURT

| TRANSMITTED/STORED : OCT. 26. 2009 12:48PM | | | | |
|---|---|---|---|---|
| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
| 096 MEMORY TX | | 916012614106 | OK | 37/37 |

-----------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
From: 801-261-4106   To: Court Clerk   Page: 1/1   Date: 10/26/2009 11:42:00 AM

## BRYAN NELSON P.A.

ATTORNEYS AT LAW
POST OFFICE DRAWER 18109
4525 U S HIGHWAY 53
HATTIESBURG, Mississippi 39404-8109

JACK W. LAND
EVE CAGLE
HERMAN M. HOLLENSED, JR.
MARK A. NELSON
V. K. VICKSMITH
DAVID M. OTT
RICHARD D. NORTON
JOSEPH A. O'CONNELL
WILLIAM A. WHITEHEAD, JR.
STACY L. CREAMER
CANDANCE L. RICKMAN
KRISTOPHER A. F. POWELL
MARK B. NORTON
BRAD A. TOUCHSTONE
JARED W. EASTLACK

JOHN F. BRYAN III (1914-1986)
B.S. NEO NELSON (1929-1985)

TELEPHONE
(601) 261-4100

FACSIMILE
(601) 261-4106

*Also Admitted in Louisiana

October 26, 2009

Harrison County Circuit Court
PO Box 998
Gulfport MS 39502
*Via Facsimile: 228-865-4099*

RE:  *Carl E. Woodward, LLC, et al v. Travelers Indemnity Company, et al*
Cause Number: A2401-09-343
Our File Number: 1162-605

Dear Clerk:

We need to obtain the following information in the above referenced case:

(1)  A complete copy of the docket.
(2)  Whether any attorneys for any defendants have entered an appearance, and
(3)  An entire copy of the court's file.

If you can fax me the docket and/or the copy of the court file, please send it to 601-261-4106 with an invoice for your copy charges. Otherwise, please let me know if you require that these items be mailed only or if arrangements need to be made for the docket and file to be copied and picked up from the clerk's office.

Thank you for your assistance with this matter and I look forward to hearing from you.

Sincerely,

Linda Wynn

Linda Wynn
Paralegal to
DAVID M. OTT

CARROLL WARREN & PARKER PLLC | POST OFFICE BOX 1005 | TELEPHONE: (601) 592-1010
CITY CENTRE BUILDING, SUITE 900 N. | JACKSON, MISSISSIPPI | FACSIMILE: (601) 592-6060
200 SOUTH LAMAR STREET (39201) | 39215-1005 | WEB: WWW.CWPLAW.COM



# FACSIMILE TRANSMISSION

**DATE:**   October 22, 2009

**TO:**   Harrison County Circuit Clerk's Office      **FAX:** 228-865-4009
          **ATTN: Donnie**

**FROM:**   R. Douglas Morgan, Esq.
            Carroll Warren & Parker PLLC

**RE:**   Carl E. Woodward, LLC, et al. vs. Travelers Indemnity Co. of
          Connecticut
          Civil Action No.: A2401-09-343

**PAGES:**   1 page (including cover page)

Dear Donnie:

Please fax to us the copies of all "filed" Proofs of Service in the above-referenced action.  Our fax number is 601-592-6060.  Thank you very much.

**************************************************************************
NOTICE:  This facsimile and any attachments may be confidential and protected by legal privilege.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this facsimile or any attachments are prohibited.  If you have received this facsimile in error, please notify us immediately by replying to the sender and destroying this copy.
**************************************************************************

* * * COMMUNICATION RESULT REPORT ( OCT. 26. 2009  9:59AM ) * * *

FAX HEADER:  CIRCUIT COURT

TRANSMITTED/STORED : OCT. 26. 2009  9:53AM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 093 | MEMORY TX | | 916015926060 | OK | 27/27 |

--------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                    E-2) BUSY
E-3) NO ANSWER                               E-4) NO FACSIMILE CONNECTION



Donnie   Page 1 of 2                 2009-10-26 15:01:43 (GMT)              16015109249  From: Rayann Dukes

# FAX COVER SHEET

| | |
|---|---|
| **TO** | Donnie |
| **COMPANY** | Harrison County Circuit Clerk's |
| **FAX NUMBER** | 12288654009 |
| **FROM** | Rayann Dukes |
| **DATE** | 2009-10-26 15:00:37 GMT |
| **RE** | |

## COVER MESSAGE

Dear Donnie:

Please see attached.

CARROLL WARREN & PARKER PLLC | POST OFFICE BOX 1005 | TELEPHONE: (601) 592-1010
188 EAST CAPITOL STREET, SUITE 1200 | JACKSON, MISSISSIPPI | FACSIMILE: (601) 592-6060
JACKSON, MISSISSIPPI (39201) | 39215-1005 | WEB: WWW.CWPLAW.COM



CARROLL
WARREN
& PARKER



November 5, 2009

***Via Federal Express***
Ms. Gayle Parker
Harrison County Circuit Clerk
First Judicial District
1801 23rd Avenue
Gulfport, Mississippi 39501

Re:     *Carl E. Woodward, LLC and The Gray Insurance Company v. The Travelers Indemnity
Company of Connecticut, The Travelers Indemnity Company of Illinois, Travelers
Property Casualty Company of America, The Travelers Indemnity Company of America,
Zurich Insurance Company, First Mercury Insurance Company, Dixie Specialty
Insurance Company, United Fire & Casualty Company and Acceptance Indemnity
Insurance Company*, Circuit Court of Harrison County, Mississippi, First Judicial
District, Civil Action No. A2401-09-343

Dear Ms. Parker:

Please find enclosed for filing in the above-referenced matter The Travelers Indemnity Company
of Connecticut, Travelers Property Casualty Company of America f/k/a The Travelers Indemnity
Company of Illinois, and The Travelers Indemnity Company of America's Answer and
Affirmative Defenses.  A copy has been served upon counsel of record.  Please stamp the extra
copy "filed" and return in the enclosed self-addressed and stamped envelope.

Thank you for your assistance in this matter.

Sincerely,

CARROLL WARREN & PARKER PLLC

R. Douglas Morgan
dmorgan@cwplaw.com

Enclosures

cc:     Samuel C. Kelley, Esq. w/ enclosures (via U.S. Mail)

598265

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CARL E. WOODWARD, LLC AND                                    **PLAINTIFFS**
THE GRAY INSURANCE
COMPANY

vs.                                            **Civil Action No. A2401-09-343**

THE TRAVELERS INDEMNITY                               **DEFENDANTS**
COMPANY OF CONNECTICUT,
THE TRAVELERS INDEMNITY
COMPANY OF ILLINOIS,
TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA, THE TRAVELERS
INDEMNITY COMPANY OF
AMERICA, ZURICH INSURANCE
COMPANY, FIRST MERCURY
INSURANCE COMPANY, DIXIE
SPECIALTY INSURANCE
COMPANY, UNITED FIRE &
CASUALTY COMPANY, AND
ACCEPTANCE INDEMNITY
INSURANCE COMPANY



---

### TRAVELERS' ANSWER AND AFFIRMATIVE DEFENSES

---

**NOW COME** The Travelers Indemnity Company of Connecticut, Travelers Property

Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, and The

Travelers Indemnity Company of America (collectively "Travelers"), by counsel, and file their

Answer and Affirmative Defenses to Plaintiffs Carl E. Woodward, LLC ("Woodward") and The

Gray Insurance Company's ("Gray") Complaint as follows:

<u>Parties</u>

1.      Upon information and belief, Travelers admits the allegations contained in

paragraph 1 of Plaintiffs' Complaint.

2.        Upon information and belief, Travelers admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.        Travelers admits the allegations contained in paragraph 3 of Plaintiffs' Complaint, with the exception that The Travelers Indemnity Company of Illinois is not a legal entity and did not issue any insurance policy potentially applicable to the subject claims, and therefore, is not a proper party to this action.

4.        Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint and therefore, denies same.

5.        Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint and therefore, denies same.

6.        Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint and therefore, denies same.

7.        Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Complaint and therefore, denies same.

8.        Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint and therefore, denies same.

### Jurisdiction and Venue

**9.** Upon information and belief, Travelers admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.

**10.** To the extent the allegations of paragraph 10 of Plaintiffs' Complaint are directed to Travelers, Travelers denies same. With respect to the other defendants in this action, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint and therefore, denies same.

### Facts

**11.** Upon information and belief, Travelers admits that Woodward executed a contract with Pass Marianne, LLC ("Pass Marianne") under which Woodward agreed to construct Pass Marianne Condominiums in Pass Christian, Mississippi (the "Condominiums"). Travelers further admits that Woodward and T.S. Wall & Son, Inc. ("T.S. Wall") entered into a subcontract in connection with the construction of the Condominiums. Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of Plaintiffs' Complaint and therefore, denies same.

**12.** Travelers admits that it issued policy nos. I-680-9797B978-TIA-06, effective September 30, 2006 to September 30, 2007, I-680-9797B978-TCT-07, effective September 30, 2007 to September 30, 2008, and I-680-9797B978-TIL-08, effective September 30, 2008 to September 30, 2009, to T.S. Wall (the "Travelers Policies"), the terms and provisions of which speak for themselves. Travelers admits that the Travelers Policies each contain a "Blanket Additional Insured-Owners, Lessees or Contractors" endorsement (form no. CG D1 05 04 94), the terms and provisions of which also speak for themselves. Travelers denies that the Travelers Policies name Woodward as an insured. Travelers is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of Plaintiffs' Complaint and therefore, denies same.

13.     To the extent a response is required, Travelers admits that it issued the Travelers Policies to T.S. Wall and that the policy nos. for the Travelers Policies identified in paragraph 13 of Plaintiffs' Complaint are accurate. Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of Plaintiffs' Complaint and therefore, denies same.

14.     Travelers admits that Pass Marianne filed a cross-claim against Woodward on December 22, 2008, in the referenced state court action, cause no. A2401-008-475, alleging construction deficiencies on the part of Woodward with respect to the foundation piers, roofing and exterior doors of the Condominiums and generally alleging that Woodward cheapened interior finishes, including, but not limited to, cabinets, fixtures, appliances, and materials, evidencing fraud and extreme bad faith.

15.     Upon information and belief, Travelers admits that the subject dispute between Woodward and Pass Marianne regarding the construction of the Condominiums is currently in arbitration.  Travelers admits that Rimkus Consulting Group, Inc. prepared a report for Pass Marianne regarding the construction of the Condominiums dated December 18, 2008 (the "Rimkus Report"), which identifies certain alleged construction deficiencies.  Travelers denies that the Rimkus Report specifically identifies T.S. Wall or any damages allegedly caused by T.S. Wall.  Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiffs' Complaint and therefore, denies same.

16.    Upon information and belief, Travelers admits that Pass Marianne filed an Answering Statement and Counterclaim Request on April 23, 2009 in the arbitration proceedings, alleging certain counterclaims against Woodward and seeking $22,000,000 in damages.  Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint and therefore, denies same.

17.    Travelers admits that Woodward, through its counsel, demanded defense and indemnity from Travelers as an additional insured under the Travelers Policies by letter dated May 6, 2009, in connection with Pass Marianne's subject claims against Woodward in the referenced state court action and arbitration proceedings.  Travelers denies that it has refused to provide Woodward with a defense and indemnity.  The terms of the Travelers Policies with respect to any defense and/or indemnity obligations as to Woodward speak for themselves. Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint and therefore, denies same.

18.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Complaint and therefore, denies same.

## Claims for Relief

### Breach of Contract

19.    Travelers reasserts and incorporates by reference its responses to paragraphs 1 through 18 of Plaintiffs' Complaint.

20.    Paragraph 20 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Travelers admits that the Travelers Policies are valid contracts as between Travelers and its named insured, T.S. Wall. With respect to policies issued by the other defendants in this action, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Complaint and therefore, denies same.

21.    Paragraph 21 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Travelers denies that Plaintiffs are intended beneficiaries of the Travelers Policies. With respect to policies issued by the other defendants in this action, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Complaint and therefore, denies same.

22.    To the extent the allegations of paragraph 22 of Plaintiffs' Complaint are directed to Travelers, Travelers denies same. With respect to the other defendants in this action, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiffs' Complaint and therefore, denies same.

23.    To the extent the allegations of paragraph 23 of Plaintiffs' Complaint are directed to Travelers, Travelers denies same. With respect to the other defendants in this action, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' Complaint and therefore, denies same.

24.    To the extent that the allegations in paragraph 24 of Plaintiffs' Complaint are directed to Travelers, Travelers denies same. With respect to the other defendants in this action,

Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiffs' Complaint and therefore, denies same.

*Subrogation*

25.    Travelers reasserts and incorporates by reference its responses to paragraphs 1 through 24 of Plaintiffs' Complaint.

26.    To the extent that the allegations of paragraph 26 of Plaintiffs' Complaint are directed to Travelers, the Travelers Policies speak for themselves as to any defense and indemnity obligations to Woodward in connection with Pass Marianne's subject claims against Woodward. Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint and therefore, denies same.

27.    To the extent that the allegations of paragraph 27 of Plaintiffs' Complaint are directed to Travelers, Travelers denies that it has failed to satisfy any defense or indemnity obligation in connection with Pass Marianne's subject claims against Woodward. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegation that Gray has incurred costs to defend Woodward and therefore, denies same. With respect to the other defendants, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiffs' Complaint and therefore, denies same.

28.    To the extent that the allegations in paragraph 28 of Plaintiffs' Complaint are directed to Travelers, Travelers denies same. With respect to the other defendants in this action, Travelers is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiffs' Complaint and therefore, denies same.

*Declaration of Coverage*

29.    Travelers reasserts and incorporates by reference its responses to paragraphs 1 through 28 of Plaintiffs' Complaint.

30.    To the extent that the allegations of paragraph 30 are directed to Travelers, the Travelers Policies speak for themselves as to any defense and indemnity obligations to Woodward in connection with Pass Marianne's claims against Woodward.  Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of Plaintiffs' Complaint and therefore, denies same.

## Demand

Travelers denies the allegations contained in that certain unnumbered paragraph beginning with "ACCORDINGLY," and deny that Plaintiffs are entitled to any of the relief and/or damages sought against Travelers in their Complaint.

## AFFIRMATIVE DEFENSES

**AND NOW,** having fully responded to Plaintiffs' Complaint, paragraph by paragraph, Travelers asserts the following affirmative defenses to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Travelers upon which relief can be granted and should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for bad faith and/or punitive damages against Travelers upon which relief can be granted and such claims should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Gray's claims against Travelers to recover defense costs and any indemnity paid in connection with Pass Marianne's subject claims against Woodward may be barred, in whole or in part, by the doctrines of waiver and/or estoppel, to the extent that Gray did not sufficiently and timely reserve it rights in connection with its responsibilities and obligations as primary insurer for Woodward.

### FOURTH AFFIRMATIVE DEFENSE

Gray may be estopped from denying that it owes primary, or at least co-primary, coverage to Woodward to the extent that Gray made any payments of defense or other costs on behalf of Woodward without sufficiently and timely reserving its rights.

### FIFTH AFFIRMATIVE DEFENSE

Travelers affirmatively invokes the "Blanket Additional Insured-Owners, Lessees or Contractors" endorsement (form no. CG D1 05 04 94) to the Travelers Policies, which provides:

### BLANKET ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS:**

1.  WHO IS AN INSURED (SECTION II) is amended to include as an insured any person or organization (called hereafter "additional insured") whom you have agreed in a written contract, executed prior to loss, to name as additional insured, but only with respect to liability arising out of "your work" or your ongoing operations for that additional insured performed by you or for you.

2.  With respect to the insurance afforded to Additional Insureds the following conditions apply:

    a.    Limits of Insurance - The following limits of liability apply:

      1.      The limits which you agreed to provide; or

      2.      The limits shown on the declarations, whichever is less.

    b.      This insurance is excess over any valid and collectible insurance unless you have agreed in a written contract for this insurance to apply on a primary or contributory basis.

3.      This insurance does not apply:

    a.      on any basis to any person or organization for whom you have purchased an Owners and Contractors Protective policy.

    b.      to "bodily injury," "property damage," "personal injury," or "advertising injury" arising out of the rendering of or the failure to render any professional services by or for you, including:

      1.      The preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

      2.      Supervisory, inspection or engineering services.

Any additional insured coverage to Woodward under any of the Travelers Policies in connection with Pass Marianne's subject claims is subject to the terms of the Travelers Policies and all endorsements thereto, including, but not limited to, the limitation in the foregoing endorsement that any additional insured coverage is "only with respect to liability arising out of '[T.S. Wall's] work' or [T.S. Wall's] ongoing operations for [Woodward] performed by [T.S. Wall] or for [T.S. Wall]."

## SIXTH AFFIRMATIVE DEFENSE

Travelers affirmatively invokes the bodily injury and property damage liability insuring agreement and the definitions of "occurrence" and "property damage" in the Travelers Policies as follows:

COVERAGE A BODILY INJURY AND PROPERTY
DAMAGE LIABILITY

1.    Insuring Agreement

* * *

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

* * *

SECTION V - DEFINITIONS

* * *

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

"Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

To the extent that Pass Marianne's subject claims against Woodward do not constitute "property damage" that is caused by an "occurrence" and that occurs during the policy period, the Travelers Policies do not provide coverage for such claims.

## SEVENTH AFFIRMATIVE DEFENSE

Travelers affirmatively invokes the "expected or intended injury" exclusion in the Travelers Policies, which provides, in relevant part, that "[t]his insurance does not apply to":

Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

TRAVELERS' ANSWER AND AFFIRMATIVE DEFENSES                                    11
598118

* * *

## EIGHTH AFFIRMATIVE DEFENSE

Travelers affirmatively denies that it has breached any obligations under the Travelers Policies, including any defense or indemnity obligations, or acted in bad faith as to Woodward in connection with Pass Marianne's subject claims.

## NINTH AFFIRMATIVE DEFENSE

Travelers affirmatively invokes all of the terms, conditions, provisions, exclusions and endorsements of the Travelers Policies.

## TENTH AFFIRMATIVE DEFENSE

Although Travelers expressly denies that Plaintiffs are entitled to the relief they have requested from Travelers in this action, including, but not limited to, Plaintiffs' claim for punitive damages, Travelers affirmatively pleads that:

(1) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(2) An award of punitive damages in this civil action would violate the due process provision of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(3) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and are therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

(4) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

(5) An award of punitive damages in this civil action would violate the Equal Protection provisions of the Fourteenth Amendment in that such a sanction is discriminatory and arbitrary and penalizes the defendant on the basis of their assets or wealth;

(6) To the extent that Travelers is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be proved "beyond a reasonable doubt," and punitive damages should not be awarded without affording Travelers the full range of criminal procedural safeguards afforded by the Fourth, Fifth, and Sixth Amendments to the United States Constitution;

(7) An award of punitive damages would violate Article I, Section X of the United States Constitution; and

(8) An award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to specifically allege facts that warrant the imposition of punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

Travelers invokes the standards for any award of punitive damages as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW v. Gore*, 517 U.S. 559 (1996), *Bradfield v. Schwartz*, 936 So. 2d 931 (Miss. 2006) and *MIC Life Ins. Co. v. Hicks*, 825 So. 2d

616 (Miss. 2002). Travelers asserts all rights and defenses prescribed in these cases, and their progeny, including, but not limited to, its right to a *de novo* review of any award of punitive damages that might be rendered against Travelers in this matter.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Travelers affirmatively invokes the provisions of Miss. Code Ann. § 11-1-65, as amended, as applicable to Plaintiffs' claim for punitive damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Travelers invokes the provisions of Miss. Code Ann. § 85-5-7, as amended, to the extent it is applicable to Plaintiffs' claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Travelers hereby gives notice that it intends to rely upon such other affirmative defenses that may become available or known during the course of discovery, or otherwise, in this matter, and reserves the right to amend its Answer and Affirmative Defenses to assert any such affirmative defenses.

**WHEREFORE, PREMISES CONSIDERED,** Travelers respectfully requests that this Court dismiss Plaintiffs' Complaint as to Travelers with prejudice and deny Plaintiffs any and all of the relief and damages they seek against Travelers in their Complaint.

**Respectfully submitted,**

**THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA F/K/A THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, AND THE TRAVELERS INDEMNITY COMPANY OF AMERICA**

BY:    **CARROLL WARREN & PARKER, PLLC**

BY:    _____
       R. Douglas Morgan

**OF COUNSEL:**

R. Douglas Morgan, Esq. (MB# 100025)
Christopher H. Coleman, Esq. (MB# 101899)
Dustin L. DuBose, Esq. (MB# 102472)
CARROLL WARREN & PARKER, PLLC
188 East Capitol Street
One Jackson Place, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone (601) 592-1010
Facsimile (601) 592-6060

## CERTIFICATE OF SERVICE

The undersigned counsel of record for the Travelers Defendants hereby certifies that a true and correct copy of the above and foregoing Answer and Affirmative Defenses has this day been served via United States First Class Mail, postage fully prepaid, or as otherwise stated, upon:

Samuel C. Kelly, Esq.
Brian C. Kimball, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
190 East Capitol Street, Suite 100
Jackson, Mississippi 39201

*Attorneys for Plaintiffs Carl E. Woodward, LLC and
The Gray Insurance Company*

This 5th day of November, 2009.

R. Douglas Morgan

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CARL E. WOODWARD, LLC AND
THE GRAY INSURANCE COMPANY                                        **PLAINTIFFS**

VS.                                        CIVIL ACTION NO. A2401-09-343



THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS INDEMNITY
COMPANY OF ILLINOIS, TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA, ZURICH
INSURANCE COMPANY, FIRST MERCURY
INSURANCE COMPANY, DIXIE SPECIALITY
INSURANCE COMPANY, UNITED FIRE AND
ACCEPTANCE INDEMNITY INSURANCE COMPANY               **DEFENDANTS**

## DEFENDANT ZURICH INSURANCE COMPANY'S
## ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COMES [1]NOW, Defendant Northern Insurance Company of New York and Maryland

Casualty Company, improperly named as Zurich Insurance Company (hereinafter referred to as

"Maryland/Northern"), by and through its attorneys of record and files this its Answer and

Defenses to the Plaintiffs' Complaint and would show unto the Court as follows, to-wit:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against this Defendant for which relief can be

granted.

### SECOND DEFENSE

Plaintiffs' Complaint fails to join an indispensable party pursuant to Rule 19 of the

Mississippi Rules of Civil Procedure.

---

[1]Maryland/Northern is the entity that issued the plaintiff's policy and is thus the proper
party defendant. If and to the extent the Court might consider Zurich Insurance Company to
be a party, this answer and defenses should be deemed filed on behalf of Zurich Insurance
Company as well as Maryland/Norther.

## THIRD DEFENSE

AND NOW, without waiving its right to first be heard on the aforementioned defenses, this Defendant would answer the Plaintiffs' Complaint, paragraph by paragraph, as follows, to-wit:

## Parties

1.     Admitted.

2.     Admitted.

3.     This Defendant does not have sufficient information to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

4.     Maryland Casualty Company is a Maryland corporation engaged in the insurnace business with a statutory home office located at 3910 Keswick Road, Baltmore 21211 and main administrative office or principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.  MCC is authorized to transact business and has transacted business in Mississippi. Northern Insurance Company of New York (hereinafter "Northern Insurance") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a main administrative office or principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.  It is authorized to transact business and has transacted business in Mississippi.

5.     This Defendant does not have sufficient information to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

6.     This Defendant does not have sufficient information to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

- 2 -

7.    This Defendant does not have sufficient information to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

8.    This Defendant does not have sufficient information to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

## Jurisdiction and Venue

9.    Admitted.

10.    Admitted.

## Facts

11.    This Defendant does not have sufficient information to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

12.    Denied.

13.    This Defendant admits that Caron Plastering Company obtained a general liability policies through Maryland/Northern. However, the Plaintiffs do not qualify as additional insureds under the policies. This Defendant does not have sufficient information to form a belief as to the remaining allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

14.    Admitted.

15.    This Defendant does not have information sufficient to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

16.    This Defendant does not have information sufficient to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

17.    This Defendant denies the policies requires it to provide a defense and indemnity to Woodward. It is admitted that this Defendant has not provided Woodward with a defense and

- 3 -

indemnity in the State Court Claim or the Arbitration proceedings. This Defendant does not have sufficient information to form a belief as to the remaining allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

18.    This Defendant does not have information sufficient to form a belief as to the allegations of this paragraph of the Plaintiffs' Complaint and therefore, denies the same.

## Claims for Relief

### Breach of Contract

19.    This Defendant adopts and re-alleges its answers to the preceding paragraphs of the Plaintiffs' Complaint.

20.    Admitted as to Maryland/Northern and Caron Plastering Company to the extent of all provisions and exclusions contained in the policies. The remaining allegations of this paragraph of the Plaintiff's Complaint are denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

### Subrogation

25.    This Defendant adopts and re-alleges its answers to the preceding paragraphs of the Plaintiffs' Complaint.

26.    Denied.

27.    Denied.

28.    Denied.

- 4 -

*Declaration of Coverage*

29.    This Defendant adopts and re-alleges its answers to the preceding paragraphs of the Plaintiffs' Complaint.

30.    Denied.

### Demand

In response to the last unnumbered paragraph of the Plaintiffs' Complaint beginning with "ACCORDINGLY," this Defendant denies that the Plaintiffs are entitled to a judgment against it in any amount whatsoever.

### FOURTH DEFENSE

### AFFIRMATIVE DEFENSES

AND, NOW, having responded to the allegations contained in Plaintiffs' Complaint, paragraph by paragraph, and having denied all liability in the premises, this Defendant would show unto the Court the following special and affirmative matters:

### FIRST AFFIRMATIVE DEFENSE

The Maryland/Northern  policies in question are clear and unambiguous, and does not provide coverage or a duty to defend the Plaintiffs in regard to any claims asserted by Pass Marianne, LLC that are associated with the construction of the Pass Marianne Condominiums.

### SECOND AFFIRMATIVE DEFENSE

This Defendant affirmatively pleads Miss. Code Ann. §85-5-7.

### THIRDAFFIRMATIVE  DEFENSE

The procedure and/or standards governing the imposition of punitive damages are

- 5 -

impermissibly vague, arbitrary, improper and/or violate the due process clause of the 14th Amendment and/or the 5th Amendment of the Constitution of the United States and/or Article 3, Section 14 of the Constitution of the State of Mississippi.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant asserts and pleads the applicable provisions of Mississippi Code Annotated Sections 11-1-63 and 11-1-65 which pertain to the imposition of punitive damages and that punitive damages and any method of which they may be assessed are unconstitutionally vague and not rationally related to a legitimate government interest. If consideration of punitive damages is to be allowed, then punitive damages must be proven by clear and convincing evidence.

### FIFTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiffs in this case will violate the 8th Amendment to the Constitution of the United States and/or Article 3, Section 28 of the Constitution of the State of Mississippi and that punitive damages would be an imposition of an excessive fine.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are at least partially barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Maryland/Northern hereby gives notice that it intends to rely upon such other affirmative defenses that may become available or apparent during discovery in this civil action and reserves its right to amend its answer to assert any such defenses.

AND NOW, having fully answered the allegation of the Complaint filed herein against

them, and having denied any liability in the premises whatsoever, this Defendant requests that it

be dismissed here from with its costs expended and to be extended.  Further, this Defendant prays

for such other and further relief and this Court deems appropriate.

      RESPECTFULLY SUBMITTED, this the ___*17th*___ day of November, 2009.


                    **NORTHERN INSURANCE COMPANY OF NEW YORK AND MARYLAND CASUALTY COMPANY, IMPROPERLY NAMED AS ZURICH INSURANCE COMPANY., DEFENDANT**

          BY:      _____

                    OF COUNSEL

## CERTIFICATE OF SERVICE

I, the undersigned counsel, of counsel for Defendant, Zurich Insurance Company, do hereby certify that I have this day served via U.S. First Class Mail, postage prepaid, a true and correct copy of the above and foregoing *Defendant Zurich Insurance Company's Answer and Defenses to Plaintiffs' Complaint* to the following counsel of record:

> Samuel C. Kelly, Esq.
> Brian C. Kimball, Esq.
> Brunini, Grantham, Grower & Hewes, PLLC
> P.O. Drawer 119
> Jackson, MS 39205

THIS, the ___17th___ day of November, 2009.

OF COUNSEL

EDWARD C. TAYLOR - BAR #9043
MICHAEL B. DICKINSON - BAR #101885
DANIEL COKER HORTON AND BELL, P.A.
1712 15TH STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE:  (228) 864-8117
FACSIMILE:  (228) 864-6331



DANIEL, COKER, HORTON & BELL P.A.

www.danielcoker.com



FILED
NOV 20 2009
GAYLE PARKER Circuit Clerk
By _____ DC

EDWARD C. TAYLOR
etaylor@danielcoker.com
Also Admitted in Louisiana
Reply to: Gulfport Office

November 17, 2009

Ms. Gayle Parker
Harrison County Circuit Court Clerk
P.O. Box 998
Gulfport, MS 39502

RE:    *Carl E. Woodward, LLC and the Gray Insurance Company Vs. The Travelers Indemnity
Company of Connecticut, the Travelers Indemnity Company of Illinois, Travelers Property
Casualty Company of America, Zurich Insurance Company, First Mercury Insurance
Company, Dixie Speciality Insurance Company, United Fire and Acceptance Indemnity
Insurance Company*
In the Circuit Court of Harrison County, Mississippi, First Judicial District
Civil Action No. A2401-09-343
Our File No. 4217-121125

Dear Ms. Parker:

Enclosed for filing in the above-referenced matter, please find an original *Defendant Zurich Insurance
Company's Answer and Defenses to Plaintiffs' Complaint.*  Also enclosed please find a copy of the
aforementioned *Answer and Defenses* which I ask that you file stamp and return to me via the enclosed
self-addressed stamped envelope.  By copy of this correspondence, counsel opposite is being provided with
a copy of the same.

Thank you for your usual courteous service and with kind regards, I am

Sincerely yours,

DANIEL COKER HORTON & BELL

Edward C. Taylor
ECT/kld

Enclosure(s)
cc:    Samuel C. Kelly, Esq. and Brian C. Kimball, Esq. *(w/enclosures)*

---

1712 15th Street  Suite 400
Post Office Box 416  Gulfport, MS 39502-0416
Telephone: 228-864-8117  Facsimile: 228-864-6331

4400 Old Canton Road  Suite 400
Post Office Box 1084  Jackson, MS 39215-1084
Telephone: 601-969-7607  Facsimile: 601-969-1116

265 North Lamar Boulevard  Suite R
Post Office Box 1396  Oxford, MS 38655-1396
Telephone: 662-232-8979  Facsimile: 662-232-8940

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**CARL E. WOODWARD, LLC AND THE GRAY
INSURANCE COMPANY**                                          **PLAINTIFF**

**VS.**                                          **CAUSE NO. A2401-09-343**

**THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, THE TRAVELERS INDEMNITY
COMPANY OF ILLINOIS, TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA, THE
TRAVELERS INDEMNITY COMPANY OF AMERICA,
ZURICH INSURANCE COMPANY, FIRST MERCURY
INSURANCE COMPANY, DIXIE SPECIALTY
INSURANCE COMPANY, UNITED FIRE & CASUALTY
COMPANY, AND ACCEPTANCE INDEMNITY
INSURANCE COMPANY**



FILED
NOV 24 2009
GAYLE PARKER, CIRCUIT CLERK
By _____ DC

**DEFENDANTS**

### RULE 12 DEFENSES AND SEPARATE ANSWER OF
### ACCEPTANCE INDEMNITY INSURANCE COMPANY

COMES NOW the Defendant, Acceptance Indemnity Insurance Company ("Acceptance"), by and through its undersigned counsel, Phelps Dunbar LLP, which, for response to the Complaint filed on behalf of Carl E. Woodward, LLC and The Gray Insurance Company, would show unto the Court the following, to-wit:

### RULE 12 DEFENSES

Plaintiffs' Complaint fails to join an indispensable party under MRCP 17 and/or 19. Additionally, Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Acceptance reserves all objections pursuant to MRCP 12(b)(3), (4), (5), and (7).

### ANSWER

AND NOW, having raised and preserved its Rule 12 defenses, Defendant responds to the allegations of the Complaint, paragraph by paragraph, as follows:

## PARTIES

1.     Acceptance denies the allegations of Paragraph 1 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

2.     Acceptance denies the allegations of Paragraph 2 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

3.     Acceptance denies the allegations of Paragraph 3 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

4.     Acceptance denies the allegations of Paragraph 4 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

5.     Acceptance denies the allegations of Paragraph 5 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

6.     Acceptance denies the allegations of Paragraph 6 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

7.     Acceptance denies the allegations of Paragraph 7 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

8.     Acceptance admits it is a Nebraska corporation and its principal place of business is located in Omaha, Nebraska.

## JURISDICTION AND VENUE

9.     Paragraph 9 consists solely of legal conclusions rather than factual allegations and therefore requires no response on the part of the Defendant; however, should the Court require a response or construe the lack thereof as an admission of any liability whatsoever in the premises, Acceptance denies the allegations and vague legal conclusions of Paragraph 9 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

- 2 -

10.    Paragraph 10 consists solely of legal conclusions rather than factual allegations and therefore requires no response on the part of the Defendant; however, should the Court require a response or construe the lack thereof as an admission of any liability whatsoever in the premises, Acceptance denies the allegations and vague legal conclusions of Paragraph 10 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

## FACTS

11.    Acceptance admits, upon information and belief, the existence of contracts between Pass Marianne, LLC and Woodward, and subcontracts between Woodward and DCM Construction, LLC, the terms, conditions and defenses of which are best evidenced by the written instruments themselves.  Acceptance denies the remaining allegations of Paragraph 11 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

12.    Acceptance admits it issued to DCM Construction, LLC Policy Nos. CL00009404 and CL00021334 (the "referenced policies").  The terms, conditions, exclusions and defenses of the Acceptance policies are best evidenced by the written instruments themselves.  Accordingly, and in an abundance of caution, Acceptance denies the remaining allegations of Paragraph 12 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

13.    Acceptance admits it issued the referenced policies to DCM Construction, LLC. The terms, conditions, exclusions and defenses of the Acceptance policies are best evidenced by the written instruments themselves.  Accordingly, and in an abundance of caution, Acceptance denies the remaining allegations of Paragraph 13 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

14.    Acceptance admits, upon information and belief, that Pass Marianne asserted a crossclaim against Woodward in Cause No. A2401-008-475, pending in the Harrison County, Mississippi, Circuit Court.  The best evidence of the allegations raised in Pass Marianne's

- 3 -

crossclaim is the crossclaim itself. Accordingly, and in an abundance of caution, Acceptance denies the remaining allegations of Paragraph 14 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

15.    Acceptance admits, upon information and belief, that the Harrison County Circuit Court stayed and referred Pass Marianne's claim to arbitration. The remaining allegations of Paragraph 15 are denied due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

16.    Acceptance admits, upon information and belief, that Pass Marianne filed an answering statement and counterclaim against Woodward in the arbitration proceeding. The best evidence of the answering statement and counterclaim is the pleading itself. Accordingly, and in an abundance of caution, the remaining allegations of Paragraph 16 are denied due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

17.    The best evidence of the terms, conditions, exclusions and defenses of the referenced policies is the policies themselves. Accordingly, and in an abundance of caution, the allegations of Paragraph 17 are denied due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

18.    Acceptance denies the allegations of Paragraph 18 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

### CLAIMS FOR RELIEF

*BREACH OF CONTRACT*

19.    In response to Paragraph 19, Acceptance realleges and reasserts its responses to Paragraphs 1 through 18 of the Complaint.

20.    Paragraph 20 consists solely of legal conclusions rather than factual allegations and therefore requires no response on the part of the Defendant; however, should the Court

require a response or construe the lack thereof as an admission of any liability whatsoever in the premises, Acceptance denies the allegations and vague legal conclusions of Paragraph 20 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

21.    Paragraph 21 consists solely of legal conclusions rather than factual allegations and therefore requires no response on the part of the Defendant; however, should the Court require a response or construe the lack thereof as an admission of any liability whatsoever in the premises, Acceptance denies the allegations and vague legal conclusions of Paragraph 21 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

22.    Acceptance denies the allegations and vague legal conclusions of Paragraph 22.

23.    Acceptance denies the allegations and vague legal conclusions of Paragraph 23.

24.    Acceptance denies the allegations and vague legal conclusions of Paragraph 24.

*SUBROGATION*

25.    In response to Paragraph 25, Acceptance realleges and reasserts its responses to Paragraphs 1 through 24 of the Complaint.

26.    The best evidence of the terms, conditions, exclusions and defenses of the referenced policies is the policies themselves. Accordingly, and in an abundance of caution, the allegations and vague legal conclusions of Paragraph 26 are denied due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

27.    Acceptance denies it has failed any obligation under the referenced policies issued to DCM Construction, and otherwise denies the allegations of Paragraph 27 due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

28.    The allegations and vague legal conclusions of Paragraph 28 are denied.

PD.3880359.1

*DECLARATION OF COVERAGE*

29.    In response to Paragraph 29, Acceptance realleges and reasserts its responses to Paragraphs 1 through 28 of the Complaint.

30.    The best evidence of the terms, conditions, exclusions and defenses of the referenced policies is the policies themselves.  Accordingly, and in an abundance of caution, the allegations and vague legal conclusions of Paragraph 30 are denied due to a lack of information or knowledge sufficient to justify a belief in the truth thereof.

## DEMAND

Acceptance denies the unnumbered paragraph beginning "ACCORDINGLY, the plaintiffs demand . . .," and would require strict proof thereof.

And now, having responded to the allegations of the Complaint, paragraph by paragraph, Acceptance hereby raises and preserves its additional affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant hereby relies upon and asserts all terms, conditions, defenses, limitations, exclusions, endorsements and provisions of the referenced policies in defense of this litigation.

## SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiffs are not entitled to recovery under the referenced policies as alleged in their Complaint because the alleged loss occurred outside the policy period of the referenced policies.

## THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiffs are not entitled to recovery under the referenced policies as alleged in their Complaint because the coverage afforded under said policies inuring to Plaintiffs benefit, if any, is subject to limitations for liability of work or ongoing operations of DCM Construction.

- 6 -

## FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiffs are not entitled to recovery under the referenced policies as alleged in their Complaint pursuant to the policy provisions regarding insured's duties after a loss.

## FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiffs are not entitled to recovery under the referenced policies as alleged in their Complaint for lack of "property damage" or an "occurrence" during the policy periods of the referenced policies.

## SIXTH AFFIRMATIVE DEFENSE

The facts having yet to be fully developed, Defendant affirmatively asserts that Plaintiffs are not entitled to recovery under the referenced policies as alleged in their Complaint pursuant to exclusions for expected or intended injury/damage.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that some or all of Plaintiffs' claims for coverage in the subject matter are barred under the referenced policies as there has been no covered cause of loss, or, alternatively, coverage for such loss is specifically excluded.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that the Plaintiffs lack legal and/or contractual standing to pursue recovery for some, or all, of the claims alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts the defense of contributory and/or comparative negligence.

## TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts the defense of assumption of risk.

- 7 -

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that some or all of the damages alleged in Plaintiffs' Complaint were not reasonably foreseeable by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts the defense of independent, superseding or intervening cause(s).

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that any injuries and/or damages claimed by Plaintiffs in this litigation, in whole or in part, were caused or contributed to by the negligent and/or wrongful acts or omissions of third persons and/or entities for whom this Defendant is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts all defenses and limitations afforded by Mississippi Code Annotated Section 85-5-7.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that it committed no negligent or wrongful acts or omissions which proximately caused or contributed to Plaintiffs sustaining any damages whatsoever, and that, at all times, they acted in a good faith and reasonable manner.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts the defense of clerical error or simple mistake, and asserts that Defendant may not be held liable for the damages claimed by Plaintiffs in this lawsuit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the applicable statute of limitations, and the doctrines of waiver, estoppel, voluntary payment, accord and satisfaction, ratification, consent, settlement and release, merger, novation, acquiescence, discharge and/or laches.

- 8 -

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails to join a necessary or real party in interest under Rule 17 and/or Rule 19, and/or has failed to obtain ratification from them.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts all available defenses, limitations, and conditions afforded by the Mississippi Tort Reform statutory enactments of 2003 and 2004, as amended.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts all defenses, limitations and conditions precedent referenced by Federal Rules of Civil Procedure 8(c), 9(a), 9(b), 9(c), and 9(g).

## TWENTY-FIRST AFFIRMATIVE DEFENSE28

Defendant affirmatively asserts failure to mitigate damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively asserts the right to set-off and/or credit and/or that Plaintiffs have recovered fully for the value of any loss.

## TWENTY-THIRD AFFIRMATIVE DEFENSE30

Defendant affirmatively asserts that Plaintiffs seek a betterment or unjust enrichment or windfall recovery, and such claims are barred as a matter of law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that it has not breached the subject insurance contract.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiffs have suffered no harm, injuries or damages for which recovery may be obtained from Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE33

Defendant invokes all common law privileges to which they may be entitled.

- 9 -

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE34

Defendant affirmatively asserts that Plaintiffs' claims are barred on the basis of "unclean hands."

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts and pleads the applicable provisions, defenses and limitations afforded by Mississippi Code Annotated Section 11-1-65 (punitive damages).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to this Defendant under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

## THIRTIETH AFFIRMATIVE DEFENSE

Imposition of punitive damages in this case would constitute a violation of this Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and by Article 1, §§ 1, 6 and 22, and Article 3, §§ 14, 16, 22, 26, 28 and 31 of the Mississippi Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to this Defendant under the Due Process Clause of the Fourteenth amendment and/or Fifth Amendment to the Constitution of the United States of American and/or under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi in that punitive damages and any method by which they might be assessed are

- 10 -

unconstitutionally vague and not rationally related to legitimate government issues. If consideration of punitive damages is to be allowed, then the standard for proving the same, as provided by Mississippi Code Annotated Section 11-1-63, must be by clear and convincing evidence.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The procedure and/or standards governing imposition of punitive damages are impermissible, vague, arbitrary, improper and/or violate the Due Process Clause of the Fourteenth Amendment and/or the Fifth Amendment of the Constitution of the United States and/or Article III, Section 14 of the Constitution of the State of Mississippi.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to this Defendant under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or Under Article III, Sections 14 and 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, this Defendant is entitled to the same procedural and substantive safeguards afforded to criminal defendants.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

It violates the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against this Defendant which are penal in nature by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases in this state, and less than a unanimous jury verdict.

- 11 -

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case will violate the Eighth Amendment of the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi in that said punitive damages would be an imposition of an excessive fine.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case measured by wealth of this Defendant would constitute an impermissible punishment of status.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Mississippi State Constitution in that:

Said damages are intended to punish and deter this Defendant and thus this proceeding is essentially criminal in nature;

This Defendant is being compelled to be witnesses against itself in a proceeding essentially and effectively criminal in nature, in violation of their right to due process;

The Plaintiffs' burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates this Defendant's right to due process; and

That inasmuch as this proceeding is essentially and effectively criminal in nature, this Defendant is being denied the requirement of notice of the elements of the offense, and the law and authorities authorizing punitive damages are so vague and ambiguous they are in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

PD.3880359.1

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The awarding of disproportionate judgments against defendants who commit similar offenses resulting in similar injury, who differ only in material wealth, constitutes an arbitrary and invidious discrimination prohibited by the equal protection clauses and rights of this Defendant under the Fourteenth Amendment to the Constitution of the United States.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts all defenses and limitations afforded by *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or premature to the extent they failed to comply with all terms and conditions of the insurance policy at issue.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the principle of detrimental reliance.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they lack an insurable interest in the subject property.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to plead items of special damages, if any, with sufficient particularity.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by a failure of consideration.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by res judicata and/or collateral estoppel.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

At all times relevant to this Complaint, Defendant acted with good faith and fair dealing toward Plaintiffs and, at all times, had an arguable basis in fact and law for its actions. Thus, no factual or legal basis exists for any award of extra-contractual damages or punitive damages.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to the "Other Insurance" and subrogation provisions of the referenced policies and the principles of indemnity barring double recovery, Acceptance asserts all rights it may have to credit, setoff, allowance or reduction as a result of any other insurance policy benefits paid to or on behalf of Plaintiffs.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have accepted payment from any other source for the loss or damage at issue in this lawsuit, Plaintiff's claims are barred, in whole or in part, by accord and satisfaction, payment, release and waiver.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation of the Plaintiffs' Complaint not specifically admitted, regardless of the paragraph number or letter or lack thereof.

### FIFTIETH AFFIRMATIVE DEFENSE

Defendant gives notice that it intends to rely upon such other affirmative defenses and/or claims as may become available or apparent during the discovery phase of this civil action and reserves the right to amend its answer to assert any such defense and/or claim.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Acceptance adopts by reference all affirmative defenses asserted by any other party herein.

**WHEREFORE, PREMISES CONSIDERED**, having fully answered the Complaint and having asserted its defenses thereto, Defendant, Acceptance Indemnity Insurance Company,

- 14 -

prays that this its Rule 12 Defenses and Answer to Complaint be deemed good and sufficient and that after due proceeding be had, there be judgment herein in favor of Defendant and against Plaintiffs, rejecting Plaintiffs' demands and dismissing Plaintiffs' Complaint with prejudice, assessing Plaintiffs all costs.

Respectfully submitted, this __23rd__ day of November, 2009.

ACCEPTANCE INDEMNITY INSURANCE
COMPANY

PHELPS DUNBAR LLP

BY: _____
James G. Wyly, III, MS Bar 7415
Thear J. Lemoine, MS Bar 99894
PHELPS DUNBAR LLP
NorthCourt One • Suite 300
2304 19th Street
Gulfport, Mississippi 39501
Telephone: (228) 679-1130
Telecopier: (228) 679-1131
Email: wylyj@phelps.com
        lemoinet@phelps.com

- 15 -

## CERTIFICATE OF SERVICE

I, Thear J. Lemoine, the undersigned attorney, do hereby certify that I have delivered this

date by U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing *Rule 12*

*Defenses and Answer to Complaint* to:

      Samuel C. Kelly, Esq.
      Brian C. Kimball, Esq.
      Brunini Grantham, Grower & Hewes, PLLC
      Post Office Box 119
      Jackson, MS  39205

This, the 23rd day of November, 2009.

                                THEAR J. LEMOINE

- 16 -

# PHELPS DUNBAR LLP

COUNSELORS AT LAW

| New Orleans, LA | NorthCourt One • Suite 300 | Jackson, MS |
|---|---|---|
| Baton Rouge, LA | 2304 19th Street | Tupelo, MS |
| | Gulfport, Mississippi 39501 | |
| Houston, TX | (228) 679-1130 | Gulfport, MS |
| London, England | Fax (228) 679-1131 | Tampa, FL |

www.phelpsdunbar.com

THEAR J. LEMOINE
Gulfport Office
Admitted in Louisiana
and Mississippi
(228) 679-1117
lemoinet@phelps.com

November 23, 2009

19997-36



FILED

NOV 24 2009

GAYLE PARKER, CIRCUIT CLERK
By_____DC

Mrs. Gayle Parker
Circuit Court Clerk
Post Office Box 998
Gulfport, MS 39502

Re:   Carl E. Woodward, LLC and The Gray Insurance Company v. The Travelers
      Indemnity Company of Connecticut, The Travelers Indemnity Company of
      Illinois, Travelers Property Casualty Company of America, The Travelers
      Indemnity Company of America, Zurich Insurance Company, First Mercury
      Insurance Company, Dixie Specialty Insurance Company, United Fire & Casualty
      Company, and Acceptance Indemnity Insurance Company
      Cause No. A3402-09-343

Dear Gayle:

Enclosed please find original *Rule 12 Defenses and Separate Answer of Acceptance Indemnity Insurance Company* which I request you file in the referenced matter. Also enclosed is a copy of the first page of the Answer which I request you stamp "filed" and return to me in the enclosed self-addressed and stamped envelope.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Thear J. Lemoine

TJL/dr
Enclosures
cc:   Samuel C. Kelly, Esq.
      Brian C. Kimball, Esq.

PD.3883397.1

AUG-28-2006 MON 10:11 AM BEACON INS          FAX NO. 2283740068          P. 01

| ACORD. CERTIFICATE OF LIABILITY INSURANCE | | | DATE (MM/DD/YYYY) 08/28/2006 |
|---|---|---|---|

| PRODUCER  (228) 374-0067 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
|---|---|---|

Beacon Insurance Services, Inc.
P.O. Drawer 1427
1009 Howard Ave.
Biloxi            MS  39533-

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURED | INSURER A: Dixie Specialty Insurance | |

D C M Construction
11415 Summer Lane

Biloxi            MS 39532-

| | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | **GENERAL LIABILITY** | | / / | / / | EACH OCCURRENCE | $ 1,000,000 |
| | X | COMMERCIAL GENERAL LIABILITY | CL00009404 | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | X | CLAIMS MADE ☐ OCCUR | | 10/23/2005 | 10/23/2006 | MED EXP (Any one person) | $ 5,000 |
| | | | | / / | / / | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | GENERAL AGGREGATE | $ 1,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** | | / / | / / | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ANY AUTO | | / / | / / | BODILY INJURY (Per person) | $ |
| | | ALL OWNED AUTOS | | | | | |
| | | SCHEDULED AUTOS | | / / | / / | BODILY INJURY (Per accident) | $ |
| | | HIRED AUTOS | | | | | |
| | | NON-OWNED AUTOS | | / / | / / | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | / / | / / | AUTO ONLY - EA ACCIDENT | $ |
| | | ANY AUTO | | | | OTHER THAN    EA ACC | $ |
| | | | | | | AUTO ONLY:    AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | / / | / / | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | / / | / / | | $ |
| | | ☐ RETENTION  $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | / / | / / | ☐ WC STATU-TORY LIMITS ☐ OTHER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | **OTHER** | | / / | / / | | |
| | | | | / / | / / | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| (228) 896-9755         (228) 896-9703 ATTN: DONNA  Carl R. Woodward, LLC 9230 Old Lorraine Road STE A BILOXI            MS  39503- | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL _____ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.  AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)                                                © ACORD CORPORATION 1988
INS025 (0101).05          ELECTRONIC LASER FORMS, INC. - (800)327-0545          Page 1 of 2

**EXHIBIT**

tabbies **B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**CARL E. WOODWARD, LLC AND THE**
**GRAY INSURANCE COMPANY**

**PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO.: _____**

**THE TRAVELERS INDEMNITY**
**COMPANY OF CONNECTICUT, THE**
**TRAVELERS INDEMNITY COMPANY**
**OF ILLINOIS, TRAVELERS PROPERTY**
**CASUALTY COMPANY OF AMERICA,**
**THE TRAVELERS INDEMNITY**
**COMPANY OF AMERICA, ZURICH**
**INSURANCE COMPANY, FIRST**
**MERCURY INSURANCE COMPANY,**
**DIXIE SPECIALTY INSURANCE**
**COMPANY, UNITED FIRE &**
**CASUALTY COMPANY, AND**
**ACCEPTANCE INDEMNITY**
**INSURANCE COMPANY**

**DEFENDANTS**

**AFFIDAVIT OF DAVID PHILLIPS**

STATE OF MISSISSIPPI
COUNTY OF HINDS

Affiant, David Phillips, having been first duly sworn upon oath, testifies as follows:

1.      I am an adult resident citizen of the State of Mississippi and am above 21 years of age. I am fully competent to testify as to matters set forth herein, and do so based on my personal knowledge.

2.      I am the President of Dixie Specialty Insurance Company ("Dixie"), which is a named Defendant in this lawsuit.

3.      Dixie is not an insurer; rather, Dixie serves as a general agent for several insurers in the State of Mississippi.

4.      I have reviewed all pertinent records and files of Dixie respecting this lawsuit and the allegations of the Complaint.

5.      After reviewing said documents and files, I have been unable to locate any insurance policy under which Dixie provided coverage to DCM Construction L.L.C. and/or Woodward as alleged in the Complaint. It my belief no such policy exists.

**EXHIBIT**

**C**

6.    I have reviewed a document entitled, "Certificate of Liability Insurance," which lists "Dixie Specialty Insurance" as an "insurer affording coverage" to DCM Construction (Woodward is listed as an additional insured).

7.    The Certificate of Liability Insurance also provides that it "confers no rights upon the certificate holder."

8.    Upon my information and belief, the Certificate of Liability Insurance erroneously identifies Dixie as an insurer.

9.    Dixie is not an insurer under any policy issued to DCM Construction and/or Woodward corresponding with the policy number and policy period listed on the referenced Certificate of Liability Insurance.

FURTHER AFFIANT SAYETH NOT.

DATED this 30th day of November, 2009.

David Phillips

STATE OF MISSISSIPPI
COUNTY OF HINDS

On the _30th_ day of _November, 2009_, David Phillips, personally appeared before

me _Barbara L. Hunter_, the signer of the foregoing instrument, who duly acknowledged to me

that he executed the same.



NOTARY PUBLIC


MY COMMISSION EXPIRES:   _October 9, 2012_

3