**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CARL E. WOODWARD, LLC, et al.** | **PLAINTIFF** |
| **vs.** | **Civil Action No. 1:09cv00781-LG-RHW** |
| **THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.** | **DEFENDANTS** |

---

**MOTION FOR PARTIAL SUMMARY JUDGMENT**
**BY CARL E. WOODWARD, LLC**

---

Pursuant to Federal Rule of Civil Procedure 56, Carl E. Woodward, LLC ("Woodward") respectfully submits this motion for partial summary judgment. Woodward requests that the Court find that defendant Acceptance Indemnity Insurance Company ("Acceptance') had a duty to defend Woodward, its insured, against certain claims asserted against Woodward.

## NATURE OF THE CASE

1. Woodward seeks reimbursement from Acceptance of defense costs incurred defending claims asserted against Woodward in Harrison County Circuit Court and later in arbitration proceedings (collectively the "Underlying Litigation"). Woodward seeks other relief from Acceptance as well.

## FACTS

2. The Underlying Litigation concerned a construction project. Woodward served as the project's general contractor. Woodward subcontracted with many subcontractors to perform work on the project. Each subcontract required that the subcontractor make Woodward an additional insured on the subcontractor's general commercial liability insurance policy.

3. Acceptance provided general commercial liability insurance (the "Policies") to the concrete subcontractor on the project, DCM Construction, LLC ("DCM"). In accordance

with DCM's contract with Woodward (the "Subcontract), DCM made Woodward an additional insured under the Policies.

4. The project owner, Pass Marianne, LLC ("Pass Marianne"), asserted claims against Woodward in the Underlying Litigation that included allegations of property damage arising from DCM's work. Woodward timely notified Acceptance of Pass Marianne's claims implicating DCM's work and provided Acceptance with a copy of a report commissioned by Pass Marianne. The report is known as the "Rimkus Report." The Rimkus Report made detailed allegations concerning the nature and effect of the purported negligent construction. Many of those allegations implicated DCM's work. For example, the report stated that DCM's work on the balconies caused water damage in the Condominium units and the Condominium's exterior walls.

5. Woodward asked Acceptance to defend and indemnify Woodward in connection with Pass Marianne's claims. Acceptance did neither.

**ANALYSIS**

6. Rule 56(a) provides that "[a] party claiming relief may move . . . for summary judgment on all or part of the claim." The district court must render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Trejo v. Alter Scrap Metal, Inc.*, 2010 WL 2772297 at *3 (S.D. Miss. 2010). If the non-moving party can only direct the court to evidence in its favor that is "merely colorable, or is not significantly probative, summary judgment is appropriate." *Trejo*, 2010 WL at *3.

7. Woodward provided Acceptance with all of the information it needed to decide that it had a duty to defend Woodward against Pass Marianne's claims. An insurer's duty to defend can arise simply from the study of a pleading's allegations against the insured. *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1156 n. 14 (Miss. 2010). However, other documents and oral statements can contain allegations against an insured that, if established, "present potential liability of [the] insured . . . " and give rise to a duty to defend. *Id*. Acceptance admitted that it reviewed the report commissioned by Pass Marianne and Pass Marianne's claims to assess whether it owed Woodward a duty to defend. It also admitted that it made no further inquiry beyond those documents to ascertain whether it had a duty to defend.

8. Acceptance testified that it interpreted the Additional Insured Endorsement to the Policies as excluding coverage for Woodward for any property damage that occurred after DCM completed its work. Acceptance then testified that it believed all of the property damage alleged necessarily occurred after DCM completed its work. Acceptance gave one reason to support that belief. That reason is that the claims of property damage were not asserted until after DCM completed its work. That reasoning is frivolous and facially illogical. The time at which a party decides to assert a claim for property damage only indicates that the alleged property damage has occurred, not when the alleged property occurred. The subcontractor took approximately ten months to finish its work, and rain fell on the construction site on many days during that period. At least some of the water damage alleged in the Rimkus Report could have occurred before DCM's final day on the construction site. Under Mississippi law, that fact was enough to trigger Acceptance's duty to defend Woodward.

8. Mississippi law imposes on insurers a much broader duty to defend than to indemnify. *Merchants Co. v. American Motorists Ins. Co.*, 794 F. Supp. 611, 617 (S.D. Miss.

1992). The duty to defend arises "when there is any basis for potential liability under the policy." *Id*. (emphasis added). Any logical reading of the Rimkus Report supports the conclusion that at least some of the alleged water damage potentially occurred when rain fell during the approximate ten months of DCM's work on the Condominiums. If the Court has doubts about whether some of the property damage occurred while DCM performed its obligations under the Subcontact, it must resolve "any doubt as to the existence of a defense obligation . . . in favor of the insured." *Liberty Mut. Fire Ins. Co. v. Canal Ins. Co.*, 177 F.3d 326 331 (5th Cir. 1999) (emphasis added). Based on those authorities, the Court should find that Acceptance had a duty to defend Woodward against Pass Marianne's claims.

9. Woodward will file a memorandum in support of this Motion.

10. Also in support of this Motion, Woodward presents the following exhibits.

| | |
|---|---|
| Exhibit 1 | Complaint; |
| Exhibit 2 | Subcontract Agreement; |
| Exhibit 3 | Policy CL00026927; |
| Exhibit 4 | Policy CL00021334; |
| Exhibit 5 | Acceptance's Answer; |
| Exhibit 6 | Transcript of Deposition of Acceptance; |
| Exhibit 7 | Woodward's Daily Logs for January 16, 2006 and October 26, 2006 indicating DCM's presence on the construction site; |
| Exhibit 8 | Answer and Crossclaim of Pass Marianne LLC; |
| Exhibit 9 | Answering Statement and Counterclaim Request; |
| Exhibit 10 | Report of Findings by Rimkus Consulting Group, Inc.; |
| Exhibit 11 | May 6, 2009 Correspondence by Ron Yarbrough; |

| | |
|---|---|
| Exhibit 12 | Award of the Arbitration Panel; |
| Exhibit 13 | September 11, 2009 correspondence from Julie Lindemann; and |
| Exhibit 14 | Woodward's Daily Logs during the period of January 2006 through October 2006 indicating rain. |

**CONCLUSION**

11. In its deposition, Acceptance could not provide any cogent reason why it did not provide Woodward with a defense against Pass Marianne's claims. Acceptance could not provide a reason because no such reason exists. Some of the damage alleged could have occurred, and likely did occur, before DCM finished its work. The Court must resolve any doubt about that fact in Woodward's favor. It must find Acceptance liable for the attorneys' fees and defense costs Woodward incurred in defending against Pass Marianne's claims.

ACCORDINGLY, Woodward respectfully requests that the Court find that Acceptance had a duty to defend Woodward in connection with Pass Marianne's claims. Woodward also requests such other and further relief as the Court deems appropriate.

Dated: October 29, 2010.

Respectfully submitted,

CARL E. WOODWARD, LLC

s/ Brian C. Kimball
One of Its Attorneys

OF COUNSEL:
Samuel C. Kelly, Miss. Bar No. 7496
skelly@brunini.com
Brian C. Kimball, Miss. Bar No. 100787
bkimball@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
190 East Capitol Street, Suite 100
Jackson, Mississippi 39201
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

**Certificate of Service**

The undersigned certifies that he has this day filed this document with the Clerk of the Court, through the Court's ECF system, which has provided a true and correct copy of the document to all counsel of record:

R. Douglas Morgan, Esq.
Christopher H. Coleman, Esq.
Dustin L. Dubose, Esq.
Carroll, Warren & Parker, PLLC
Post Office Box 1005
Jackson, MS 39215-1005
*Attorneys for the Travelers Indemnity Company of Connecticut, the Travelers Indemnity Company of Illinois, Travelers Property Casualty Company of America and The Travelers Indemnity Company of America*

James G. Wyly, III, Esq.
Thear J. Lemoine, Esq.
Phelps Dunbar, LLP
North Court One • Suite 300
2304 195th Street
Gulfport, MS 39501
*Attorneys for Acceptance Indemnity Insurance Company*

Edward C. Taylor, Esq.
Daniel, Coker, Horton & Bell, P.A.
Post Office Box 416
Gulfport, MS 39502
*Attorney for Zurich Insurance Company*

David M. Ott, Esq.
Bryan Nelson PA
6524 Hwy 98 W
Hattiesburg, MS 39404-8109
*Attorney for United Fire & Casualty Company*

Louis G. Baine, III
George M. Street
Page, Kruger & Holland, PA
Post Office Box 1163
Jackson, Mississippi 39215-1163

Michael W. Morrison
Tressler, LLP
223 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

*Attorneys for First Mercury Insurance Company*

Dated: October 29, 2010

/s/ Brian C. Kimball