IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL E. WOODWARD, LLC and § | | |
| GRAY INSURANCE COMPANY § | | PLAINTIFFS |
| § | | |
| v. § | | Civil Action No. 1:09cv781-LG-RHW |
| § | | |
| ACCEPTANCE INDEMNITY § | | |
| COMPANY, et al § | | DEFENDANTS |

ORDER DENYING ACCEPTANCE'S
<u>MOTION TO EXCLUDE EXPERT TESTIMONY</u>

**BEFORE THE COURT is** the Motion to Exclude Expert Testimony of David W. Mockbee, Esq., [175] that was filed by Acceptance Indemnity Company. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Exclude Mockbee should be denied.

DISCUSSION

Woodward and Gray Insurance Company have sued Acceptance, alleging that Acceptance breached its duty to defend Woodward in a lawsuit and arbitration concerning construction defects. The plaintiffs also seek a determination that Acceptance had a duty to indemnify Woodward for damages. In support of its claims, Woodward relies on expert testimony given by attorney David Mockbee concerning the reasonableness and necessity of attorneys' fees spent in defending Woodward.

In its Motion, Acceptance argues that Mockbee should be excluded, because he does not distinguish between legal fees incurred in the prosecution of Woodward's claim against the project owner and the legal fees incurred in defending Woodward. Furthermore, Mockbee did not attempt to allocate legal fees among the various

subcontractors' insurers.

Woodward represents that it intends to offer additional testimony to assist the jury in allocating defense and prosecution costs. In addition, the Court cannot determine from the information before it whether allocation among the subcontractors' insurers is feasible. *See E.E.O.C. v. S. Publ'g Co., Inc.*, 894 F.2d 785, 791 (5th Cir. 1990) (holding that fees should be apportioned unless there is no reasonable means of prorating costs of defense between covered and excluded claims). The Court will instruct the jury on this issue at the appropriate time. Therefore, the Court will not exclude Mockbee's opinions on this basis. Finally, the Court finds that Mockbee's opinions are reliable and would be helpful to the jury in that they address the reasonableness and necessity of the attorney's fees. Therefore, the Court finds that the Motion to Exclude Mockbee should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Exclude Expert Testimony of David W. Mockbee, Esq. [175] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 19th day of January, 2011.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge