IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL E. WOODWARD, LLC and<br>GRAY INSURANCE CO. | §<br>§<br>§ | PLAINTIFFS |
| v. | § | Civil Action # 1:09CV781-HSO-RHW |
| ACCEPTANCE INDEMNITY<br>INSURANCE COMPANY | §<br>§<br>§ | DEFENDANT |

### ORDER GRANTING CARL E. WOODWARD, LLC'S MOTION
### TO ESTABLISH BURDEN OF PROOF REGARDING ALLOCATION

**BEFORE THE COURT** is the Motion to Establish Burden of Proof Regarding Allocation [ 270] filed by Carl E. Woodward, LLC.  Acceptance Indemnity Insurance Company has filed a Response in opposition to the Motion, and Woodward has filed a Reply.  Upon reviewing the submissions of the parties and the applicable law, the Court finds that Acceptance bears the burden of demonstrating that the attorneys' fees and costs incurred in the underlying arbitration can be allocated, as well as the proper method of allocation.  Therefore, Woodward's Motion is granted.

### I.  FACTS AND PROCEDURAL HISTORY

Woodward and Gray Insurance Company sued Acceptance and several other insurers, alleging that they failed to defend and indemnify Woodward in an arbitration concerning alleged construction defects.  Woodward and Gray settled their claims against all of the insurer defendants except for Acceptance.  On March 21 through 23, 2011, a jury trial was held concerning the reasonableness and necessity of the defense fees and costs incurred by Woodward in the underlying arbitration.  Following the trial, the Court awarded Woodward $403,348.06 in costs, and the jury awarded

Woodward $393,392.02 in attorneys' fees. Order [248]; Jury Verdict [246, 247]. The Court then scheduled a bench trial concerning the remaining issues of extra-contractual damages and allocation of fees and costs among the settling insurers and Acceptance for July 28, 2011. Woodward has filed the present Motion, seeking clarification as to the burden of proof regarding allocation at the upcoming trial.

## II. DISCUSSION

An insurer that breaches the duty to defend its insured generally has the burden of showing that defense and indemnity costs can be allocated. *Liberty Mut. Ins. Co. v. Metro. Life Ins. Co.*, 260 F.3d 54, 64 (1st Cir. 2001); *see also Aerojet-Gen. Corp. v. Transp. Indem. Co.*, 948 P.2d 909, 928 (Cal. 1997); *Hebela v. Healthcare Ins. Co.*, 851 A.2d 75, 86-87 (N.J. Super. 2004). In its Response to Woodward's Motion, Acceptance "concedes the caselaw is in agreement that an insurer that did not defend its insured without an arguable basis bears the burden of persuasion on allocation of defense costs between covered and uncovered claims." Def.'s Resp. at 1. However, Acceptance requests that the Court follow the reasoning set forth in *Hebela v. Healthcare Ins. Co.*, 851 A.2d 75 (N.J. Super. 2004).

In *Hebela*, the court explained that the insured has the burden of production, while the insurer has the burden of persuasion as to the issues of whether allocation is feasible and the proper method of allocation. *Hebela*, 851 A.2d at 86-87. "[The insured's] case-in-chief need consist of little more than the production of documentary evidence relating to the legal fees and expenses sought, and an explanation as to their

reasonableness and necessity, as well as such evidence purporting to justify the hourly rates charged." *Id.*

Woodward previously produced such evidence supporting its claim for attorneys' fees and costs at the jury trial held in this matter, and the jury held that those fees and costs were reasonable and necessary. At the bench trial, Acceptance now bears the burden of demonstrating whether the bills and expenses presented can be allocated and the proper method of allocation.

### III.  CONCLUSION

Based on the foregoing, the Court finds that Woodward's Motion should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Establish Burden of Proof Regarding Allocation [270] filed by Carl E. Woodward, LLC, is **GRANTED**. Acceptance has the burden of demonstrating that the attorneys' fees and costs incurred in the underlying arbitration can be allocated, as well as the proper method for allocating the fees and costs.

**SO ORDERED AND ADJUDGED**, this the 8th day of July, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE