### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARL E. WOODWARD, LLC and** | § | |
| **GRAY INSURANCE CO.** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **Civil Action # 1:09CV781-HSO-RHW** |
| | § | |
| **ACCEPTANCE INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | **DEFENDANT** |

### ORDER DENYING CARL E. WOODWARD, LLC'S MOTION
### *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE
### AND TESTIMONY AT PHASE TWO OF TRIAL

**BEFORE THE COURT** is the Motion *in Limine* to Exclude Certain Evidence

and Testimony at Phase Two of Trial [272], filed by Carl E. Woodward, LLC.

Acceptance has filed a Response in opposition to the Motion, and Woodward has filed

a Reply.  Upon reviewing the submissions of the parties and the applicable law, the

Court finds that Woodward's Motion should be denied.

### I.  FACTS AND PROCEDURAL HISTORY

Woodward and Gray Insurance Company sued Acceptance and several other

insurers, alleging that they failed to defend and indemnify Woodward in an arbitration

concerning alleged construction defects.  Woodward and Gray settled their claims

against all of the insurer defendants except for Acceptance.  A jury trial was held in

March of 2011.  The jury determined that Woodward had incurred $393,392.02 in

attorneys' fees in the arbitration, and the Court held that Woodward had incurred

$403,348.06 in costs.  The issue of whether the fees and costs should be allocated

among Acceptance and the settling insurers and the proper method of allocation will

be determined at a bench trial scheduled to begin on July 28, 2011.

## II. DISCUSSION

In the present Motion, Woodward asks the Court to limit the evidence that Acceptance can present to the Court in support of its request for allocation of defense costs and attorneys' fees.  First, it argues that Acceptance is not entitled to allocation, because it breached its duty to defend Woodward in the underlying arbitration.  This position is clearly refuted by Fifth Circuit case law.  *E.E.O.C. v. S. Publ'g Co., Inc.*, 894 F.2d 785, 791 (5th Cir. 1990) (holding that fees should be apportioned unless there is no reasonable means of prorating costs of defense between covered and excluded claims).  Therefore, Acceptance will be permitted to present evidence and testimony in an effort to demonstrate the existence of a reasonable basis for prorating the costs and fees incurred in the arbitration.

In the alternative, Woodward asserts that Acceptance should only be permitted to rely on the expert report of Thomas Prewitt in support of its case for allocation.  In support of this argument, Woodward relies on the following interrogatory responses provided by Acceptance:

> **INTERROGATORY NO. 5:**  What do you contend is the appropriate method for allocating among the insurers, Woodward's attorney fees and expenses incurred in connection with Pass Marianne's claims?
>
> **ANSWER:**  See Acceptance's Designation of Experts.
>
> **INTERROGATORY NO. 6:** What amount of fees and expenses incurred in defending Pass Marianne's claims do you contend is Woodward's responsibility?
>
> **ANSWER:**  See Acceptance's Designation of Experts.

Ex. 2 to Pl.'s Mot. at 5.  Thus, it appears that Woodward is requesting a discovery

sanction due to an allegedly evasive or incomplete interrogatory response.  Fed. R. Civ.

P. 37(a)(4) provides that an evasive or incomplete discovery response should be treated

as a failure to respond.  Rule 37 provides that a party should file a motion to compel

if the opposing party fails to respond to an interrogatory.  Fed. R. Civ. P. 37(a)(3).

Similarly, Local Rule 26(a)(3) states:

> If a party fails to make a disclosure required by this section, any other
> party must move to compel disclosure and for appropriate sanctions
> under Fed. R. Civ. P. 37(a).  The failure to take immediate action and
> seek court intervention when a known fact disclosure violation other than
> as to expert witnesses occurs will be considered by the court in
> determining the appropriate sanctions to be imposed regarding a
> subsequent motion filed under Fed. R. Civ. P. 37(c).

Unif. Local R. 26(a)(3).

Woodward did not file a motion to compel a more specific response to its

interrogatories, and the deadline for filing such a motion has passed.  Acceptance's

original Designation of Expert Witnesses, which was filed on August 17, 2010, named

one expert, Thomas W. Prewitt, but it also sought to designate "[a]ny expert designated

and/or identified by any party in this suit and/or the underlying arbitration, to the

extent the expert(s) opinions are not inconsistent with Acceptance's defenses herein"

and "[a]ny attorney retained to represent any party in the underlying arbitration."

Def.'s Designation of Expert Witnesses [58].

After Acceptance filed an Amended Designation which attempted to name

additional experts, Woodward filed a Motion to Strike the designation.  The Motion

was denied to the extent Woodward sought to exclude the opinions of Thomas Prewitt,

but it was granted in all other respects.  The Court clarified that its "Order would not prevent Acceptance from utilizing these proposed experts as fact witnesses at the trial or during post-trial proceedings."  Order [232] at 8.

The Court finds that Acceptance should be permitted to rely on any witnesses described in its designations of experts.  However, any witnesses which were not properly identified by the expert designation deadline can only testify as fact witnesses for the reasons explained in this Court's previous Order [232].  Acceptance will also be permitted to rely on facts, evidence, and other materials relied on by Thomas Prewitt in his report.

### III. CONCLUSION

Based on the foregoing, the Court finds that Woodward's Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion *in Limine* to Exclude Certain Evidence and Testimony at Phase Two of Trial [272] that was filed by Carl E. Woodward, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of July, 2011.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE