IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL E. WOODWARD, LLC and<br>GRAY INSURANCE CO. | §<br>§<br>§ | PLAINTIFFS |
| v. | §<br>§ | Civil Action # 1:09CV781-HSO-RHW |
| ACCEPTANCE INDEMNITY<br>INSURANCE COMPANY | §<br>§<br>§ | DEFENDANT |

### ORDER DENYING ACCEPTANCE'S
### MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Motion for Reconsideration [284] filed by Acceptance Indemnity Insurance Company. Acceptance seeks reconsideration of the Court's Memorandum Opinion and Order Concerning the Parties' Motions for Partial Summary Judgment [200] based on a recent decision handed down by the United States Court of Appeals for the Fifth Circuit. Carl E. Woodward, LLC, and Gray Insurance Company have filed a Response in opposition to the Motion, and Acceptance has filed a Reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

### I. FACTS AND PROCEDURAL HISTORY

Woodward served as the general contractor on the Pass Marianne Condominium construction project in Pass Christian, Mississippi. Woodward entered into subcontracts with several entities, including a concrete contractor that referred to itself as "DCM, Inc." In accordance with the terms of these contracts, each subcontractor made Woodward an additional insured on its commercial general liability policy. DCM, Inc., made Woodward and Pass Marianne additional insureds on a policy issued

to a handyman company named DCM Construction, LLC, by Acceptance.

After numerous construction defects were discovered in the project, Pass Marianne filed a claim against Woodward, which was submitted to arbitration. The defects were described in a report prepared by Pass Marianne's consultants, Rimkus Consulting Group. Woodward sought a defense and indemnification from the insurers of its subcontractors, and it provided each insurer with a copy of the Rimkus Report. All of the subcontractors' insurers, including Acceptance, refused to provide Woodward with a defense. As a result, Woodward's own insurer, Gray, provided a defense and indemnification. The arbitration was completed, and the arbitrators ruled in favor of Pass Marianne.

Woodward and Gray sued Acceptance and the other insurers, seeking to recover the defense costs incurred in the arbitration and the damages paid to Pass Marianne. Woodward and Gray settled their claims against all of the insurers except for Acceptance. Acceptance and Woodward filed Motions for Partial Summary Judgment. At that time this case was assigned to Chief United States District Judge Louis Guirola, Jr. Judge Guirola held that Woodward's Motion for Partial Summary Judgment [167] should be granted. He determined that Acceptance had a duty to defend Woodward, and that it did not have an arguable basis for denying the defense. However, he held that genuine issues of material fact exist regarding whether Acceptance has a duty to indemnify Woodward. Thus, he denied Acceptance's Motion for Partial Summary Judgment on All Non-Bad Faith Claims [169]. Finally, Judge Guirola found that Acceptance was entitled to summary judgment as to the plaintiffs'

bad faith claim, but it was not entitled to summary judgment with regard to the extra-contractual damages claim. Therefore, Acceptance's Motion for Partial Summary Judgment on Bad Faith and Extra-Contractual Claims [173] filed by Acceptance Indemnity Company was granted in part and denied in part.

The case was then transferred to the undersigned, and a jury trial was held in March of 2011. The jury determined that Woodward had incurred $393,392.02 in attorneys' fees in the arbitration, and the Court held that Woodward had incurred $403,348.06 in costs. The issue of whether the fees and costs should be allocated among Acceptance and the settling insurers, the proper method of allocation, the amount of extra-contractual damages suffered by Woodward and Gray, and the issue of indemnification will be determined at a bench trial scheduled to begin on November 14, 2011.

On July 13, 2011, Acceptance filed the present Motion, seeking reconsideration of Judge Guirola's Memorandum Opinion and Order concerning the parties' Motions for Partial Summary Judgment. In support of its Motion, Acceptance relies on a recent decision by the Fifth Circuit. *See Nat'l Builders & Contractors Ins. Co. v. Slocum Constr.*, No. 10-60601, 2011 WL 2416924 (5th Cir. June 15, 2011). Acceptance argues that the *Slocum* decision supports its contention that it had no duty to defend or indemnify Woodward in the underlying arbitration. Therefore, it argues that it is entitled to summary judgment as to all of Woodward and Gray's claims.

## II. DISCUSSION

Acceptance's Motion for Reconsideration is filed pursuant to Fed. R. Civ. P.

60(b)(2), Fed. R. Civ. P. 60(b)(6), and Fed. R. Civ. P. 54(b). Rule 60(b)(2) provides that a court may relieve a party of an order or judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Meanwhile Rule 60(b)(6) provides that a court may relieve a party from a judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 54(b) states, "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Acceptance argues that the Fifth Circuit's opinion in *Slocum* "clarifies Mississippi law as it pertains to the definition of an 'occurrence,' warranting a reconsideration of the Partial Summary Judgment Order." Def.'s Mem. at 4. In *Slocum*, a construction company contracted with Kelvin Anderson to build a home on land that was staked out by Anderson. *Slocum*, 2011 WL 2416924 at *1. After the home was constructed and Anderson failed to pay for it, the construction company learned that the house was not built on Anderson's property. *Id.* The construction company attempted to buy the property from its owner, but the owner refused. *Id.* The construction company sued the owner of the property alleging fraud and unjust enrichment, and the owner filed a counterclaim for trespass. *Id.* The construction company sought a defense and indemnity for the trespass claim from its insurer. *Id.*

The insurer sought a declaratory judgment that the construction company's actions were not an "accident" as that term was defined in the policy, and thus, the policy did not provide coverage. *Id.* The Fifth Circuit explained, "Slocum's appeal turns on the distinction between an inadvertent action and a mistake. The former is an accident . . . but the latter is not, because the insured intended the action underlying the mistake, even if he did not intend the results or if he based his action on erroneous information." *Id.* at *2. The Fifth Circuit held:

> Slocum intended to build a house on the land Anderson staked out. It may not have intended to build one on property that did not belong to Anderson, but that is the unintended result of its intentional actions. Therefore, its actions were not an accident under the terms of the policy, and [the insurer] has no duty to defend or indemnify.

*Id.* at *3.

In the present Motion, Acceptance argues that its insured's conduct was a mistake to the extent it was done incorrectly, and therefore, the insured's conduct did not constitute an occurrence under the policy. In the Memorandum Opinion and Order Concerning the Parties' Motions for Partial Summary Judgment, Judge Guirola stated:

> [P]ursuant to the *Architex* decision, faulty workmanship and the hiring of a subcontractor are not as a matter of law excluded from coverage, and this Court must look to the facts and evidence presented in this case to determine whether coverage exists. The alleged faulty workmanship at issue in the present case primarily concerns the failure to properly slope the balcony, atrium, and parking garage floors to allow proper drainage, and the failure to install a continuous step at the balcony exterior walls and doors. The Rimkus Report states that the project drawings did not require a positive slope away from the walls and doors of the condominium units, and thus, Acceptance argues that the failure to include the slope was intentional.  (Ex. 10 at 49-50).  However, the Report also states that the concrete subcontractor failed to comply with the drawings by omitting the continuous step at the balcony doors and

> walls. (*Id.* at 49). The failure to include the step caused damage to the exterior walls, according to the Report. (*Id.*) The Court cannot determine from the record before it whether the concrete subcontractor accidentally omitted the step. Nevertheless, the information provided to Acceptance in the Rimkus Report was sufficient to trigger potential liability under the policy and thus a duty to defend, assuming that none of the other policy provisions preclude coverage.

Mem. Op. & Order [200] at 12.

The Court finds that the *Slocum* decision does not affect the accuracy of Judge Guirola's analysis. There was no evidence provided by Acceptance either in opposition to Woodward's Motion for Partial Summary Judgment or in support of its own Motions for Partial Summary Judgment that demonstrated whether the omission of the balcony step and positive slope was accidental, *i.e.* whether the omissions were inadvertent.

The Court recognizes that Acceptance has now provided the deposition testimony of Woodward's project superintendent along with its Reply in support of its Motion to Reconsider. *See* Ex. A to Def.'s Reply. The Court has reviewed the record in this matter, and Acceptance has not previously provided this evidence to the Court, although the deposition was taken on September 21, 2009, over one year before the Motions for Partial Summary Judgment were filed. *See id.* Therefore, this deposition cannot be considered new evidence. Furthermore, the Court finds that the deposition testimony does not demonstrate whether the failure to include the step and the positive slope was intentional or inadvertent. The testimony merely indicates that problems with the balcony were foreseeable, since a prestressed cable slab was utilized, and did not concern the absence of the balcony step and the positive slope. *Id.* at 69-72.

### III. CONCLUSION

"[T]he duty to defend is broader than the insurer's duty to indemnify under its policy of insurance: the insurer has a duty to defend when there is any basis for potential liability under the policy." *Titan Indem. Co. v. Pope*, 876 So. 2d 1096, 1100 (Miss. Ct. App. 2004) (quoting *Merchs. Co. v. Am. Motorists Ins. Co.*, 794 F. Supp. 611, 617 (S.D. Miss. 1992). The Court finds that the *Slocum* decision and the evidence submitted by Acceptance do not demonstrate that there was no basis for potential liability under the policy or that Acceptance had an arguable basis for failing to defend. As a result, Acceptance's Motion to Reconsider is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for Reconsideration [284] filed by Acceptance Indemnity Insurance Company is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of August, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE