IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CARL E. WOODWARD, LLC, and
GRAY INSURANCE CO.                                                        PLAINTIFFS

v.                                              CAUSE NO. 1:09CV781-HSO-RHW

ACCEPTANCE INDEMNITY
INSURANCE COMPANY                                                       DEFENDANT

### ORDER DENYING ACCEPTANCE'S MOTION TO RECONSIDER ORDER

**BEFORE THE COURT** is the Rule 54(b) Motion [360] to Reconsider Order [200] filed by Acceptance Indemnity Insurance Company. Upon reviewing the Motion and the applicable law, the Court finds that Acceptance's Motion should be denied.

### I. FACTS AND PROCEDURAL HISTORY

On October 5, 2009, Carl E. Woodward, LLC, and Gray Insurance Company sued Acceptance and several other insurers, alleging that they failed to defend and indemnify Woodward in an arbitration concerning alleged defects in the construction of Pass Marianne Condominiums. Woodward and Gray alleged that Woodward was an additional insured under the Acceptance insurance policy issued to DCM Corporation, LLC. They also claimed that DCM was the concrete subcontractor on the project. After the parties concluded the initial discovery phase of this lawsuit, Woodward and Gray settled their claims with all of the insurers except for Acceptance.

Both Woodward and Acceptance filed Motions for Summary Judgment. At that time, the case was assigned to United States District Judge Louis Guirola, Jr. In a Memorandum Opinion and Order [200], Judge Guirola held that Acceptance had a duty

to defend Woodward and that Acceptance was not entitled to summary judgment as to Woodward and Gray's extra-contractual damages claim. He also concluded that genuine issues of material fact remained regarding whether Acceptance had a duty to indemnify Woodward and Gray. Finally, Judge Guirola determined that Acceptance was entitled to summary judgment regarding Woodward's bad faith claim.

The case was transferred to the undersigned, and a jury trial was held in March 2011. The jury found that Woodward had incurred $393,392.02 in reasonable and necessary attorneys' fees in the arbitration. The Court determined that the $403,348.06 in costs taxed to Woodward during the arbitration were covered under the Acceptance policy. After the jury trial, the following issues remained for the Court's determination: (1) whether the fees and costs should be allocated among Acceptance and the settling insurers, and if so, the proper method of allocation; (2) whether Woodward and Gray were entitled to extra-contractual damages; and (3) whether Gray was entitled to indemnification for damages paid in the underlying arbitration.

On February 22 and 23, 2012, the Court conducted a bench trial concerning Acceptance's request for allocation and Woodward and Gray's requests for extra-contractual damages. During the trial, Gray filed a Motion to Voluntarily Dismiss its claim for indemnification with prejudice, and the Motion was granted by the Court. The Court found that a reasonable basis for allocation existed, and that Acceptance was required to pay twenty percent of the defense fees and expenses incurred in the arbitration. However, the Court concluded that Acceptance was not entitled to an allocation of the costs taxed against Woodward in the arbitration, due to the plain

language of the Acceptance policy.

On the second day of the bench trial, Acceptance filed the present Motion. It seeks reconsideration of Judge Guirola's Memorandum Opinion and Order [200], because Gray has now voluntarily dismissed its indemnity claim seeking coverage under the policy. Acceptance claims that the most recent pronouncement concerning the duty to defend from the Mississippi Supreme Court demonstrates that it did not owe a duty to defend Woodward. It also contends that dismissal of the indemnity claim establishes that Acceptance had an arguable basis for denying a defense and coverage to Woodward. Acceptance also argues that Gray and Acceptance both provided primary coverage to Woodward, and that there is no proof that the arbitration award constituted an award for property damage. Furthermore, Acceptance asserts that Woodward was not entitled to a defense or coverage, because the policy only covered damages which occurred during DCM's ongoing operations on the project. In the alternative, Acceptance seeks a directed verdict dismissing this lawsuit with prejudice.

## II.  DISCUSSION

### A.  Motion for Reconsideration

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"[W]hen a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new

evidence or an intervening change in or clarification of the substantive law.'" *Saqui v. Pride Cent. Amer., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)).

This case has been pending for over two years. The Motion deadline expired on October 29, 2010. Judge Guirola entered the Memorandum Opinion and Order [200] Acceptance now contests more than one year ago, on January 12, 2011. This is the third Motion filed by the parties seeking reconsideration of that Memorandum Opinion and Order, and the second such Motion filed by Acceptance. In addition, there have been over three hundred docket entries made in this case, and the Court has conducted two trials and five different pretrial conferences. Acceptance offers no explanation why its arguments and evidence concerning the completed operations exclusion and Gray's alleged primary coverage were not provided to the Court prior to the entry of Judge Guirola's Order. Acceptance has had numerous opportunities to present these arguments to the Court, but it chose not to do so until the middle of the second trial. The Court will not expend scarce judicial resources addressing these dilatory arguments.

As for Acceptance's argument that Woodward and Gray cannot offer any proof as to the amount of recoverable property damage under the policy, this argument pertains to Gray's request for indemnification, which has been dismissed with prejudice. Therefore, this argument is moot.

Finally, Acceptance claims that the following statements made by the

Mississippi Supreme Court support a determination that Woodward is not entitled to recover any amount whatsoever:

> We hasten to point out that where an insurer makes the decision not to provide a defense to its insured, it runs a substantial risk of a later determination that a defense should have been provided. Such decisions, absent an arguable, reasonable basis, can result in a finding of bad faith. *But where, as here, it is later conclusively determined that the claimant was not an insured, and the insurance policy did not provide coverage for the claims, an insurance company has no duty, contractual or otherwise, to provide a defense or to reimburse attorney fees already expended.*

*Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 451 (¶47) (Miss. 2006) (emphasis added). The problem with Acceptance's argument is that there has been no conclusive determination made that Woodward was not Acceptance's additional insured. Despite this fact, Acceptance argues that the policy issued to DCM does not provide coverage to Woodward, because DCM's operations were completed before the alleged damages occurred. As explained previously, if Acceptance had evidence that all operations were completed before the damage occurred, it should have presented that evidence to the Court in opposition to Woodward's earlier Motion for Summary Judgment. The Court cannot be expected to rule in a party's favor when that party does not produce evidence already in its possession to support its defenses in response to a summary judgment motion. In fact, as Judge Guirola stated in his Memorandum Opinion and Order, "[f]or the purposes of the pending motions [for summary judgment], the parties do not appear to dispute that the damages occurred while the concrete subcontractor's work was in progress." (Order at 14, ECF No. 200). Woodward was clearly seeking summary judgment concerning the duty to defend, and

thus, Acceptance was on notice that it should provide any evidence in its possession which would tend to show that it did not owe a duty to defend Woodward. The Court will not permit Acceptance to relitigate summary judgment at this late date using arguments and evidence which could have been submitted at that time.

Furthermore, to the extent that Acceptance is arguing that the dismissal of Gray's indemnity claim affects its duty to defend Woodward, it should be noted that the duty to defend and the duty to indemnify have always been considered separate duties. *See Travelers Indem. Co. v. East*, 240 So. 2d 277, 279 (Miss. 1970) ("[T]here is a well defined theory . . . to the effect that the obligation to defend set out in the insurance policy is . . . separate and distinct from the duty to coverage [sic] and to pay."). As the Mississippi Supreme Court recently explained:

> An insurance company's duty to defend is not triggered until it has knowledge that a complaint has been filed that contains allegations of conduct covered by the policy. These allegations, and particularly the conduct alleged in the complaint, determine whether an insurer is required to defend an action. No such duty arises when the alleged conduct falls outside the policy's coverage. But where, through independent investigation, an insurer becomes aware that the true facts, if established, present a claim against the insured which *potentially would be covered* under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage.

*Automobile Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (¶7) (Miss. 2011) (emphasis added). Thus, a potential basis for coverage triggers the duty to defend, while the actual existence of coverage implicates the duty to indemnify. Judge Guirola correctly held that the Rimkus Report, which Woodward provided to Acceptance when it requested a defense, evidenced claims which were potentially covered under the

policy. Gray's voluntary dismissal of the indemnification claim does not undermine that conclusion.

### B.  Motion for a Directed Verdict

Acceptance seeks a directed verdict dismissing this entire lawsuit with prejudice, and taxing all costs to Woodward and Gray.  The Federal Rules of Civil Procedure do not provide for a directed verdict, and, pursuant to Fed. R. Civ. P. 50, judgment as a matter of law pertains to jury trials.  Therefore, the Court assumes that Acceptance is seeking a judgment on partial findings pursuant to Fed. R. Civ. P. 52(c). For the reasons stated into the record at the bench trial of this matter on February 23, 2012, and for the reasons stated with regard to Acceptance's Motion for Reconsideration, Acceptance is not entitled to a judgment dismissing this entire lawsuit.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that Acceptance's Motion should be denied.  This is the third occasion on which the parties have sought reconsideration of the Memorandum Opinion and Order [200].  The Court admonishes the parties to refrain from further clogging the Court's docket with filings which merely attempt to repeatedly relitigate matters already decided, and which have been adequately preserved for purposes of any appeal.  The Court may deem future Motions of this nature as frivolous with any consequences such a finding may entail.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Rule 54(b) Motion [360] to Reconsider Order [200] filed by Acceptance Indemnity Insurance Company is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of March, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE