IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CARL E. WOODWARD, LLC, and
GRAY INSURANCE CO.                                                                   PLAINTIFFS

v.                                                                  CAUSE NO. 1:09CV781-HSO-RHW

ACCEPTANCE INDEMNITY
INSURANCE COMPANY                                                                      DEFENDANT

### ORDER DENYING ACCEPTANCE INDEMNITY INSURANCE COMPANY'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50 AND FOR AMENDED AND/OR ADDITIONAL FINDINGS UNDER RULE 52, OR ALTERNATIVELY, FOR NEW TRIAL UNDER RULE 59

**BEFORE THE COURT** is the Renewed Motion for Judgment as a Matter of Law under Rule 50 and for Amended and/or Additional Findings under Rule 52, or Alternatively, for New Trial under Rule 59 [380] filed by Acceptance Indemnity Insurance Company.  In its Motion, Acceptance seeks review of previous decisions made by the Court in this case.  Plaintiffs Carl E. Woodward, LLC, and Gray Insurance Company oppose the Motion.  Upon reviewing the submissions of the parties and the applicable law, the Court finds that Acceptance's Motion should be denied.

### I.  BACKGROUND

Woodward and Gray instituted the present litigation against Acceptance and other insurers, asserting breach of contract and subrogation claims as a result of the insurers' alleged failure to satisfy their defense and indemnity obligations to Woodward in an arbitration concerning construction defects.  Woodward and Gray, as Plaintiffs, sought compensatory and punitive damages, prejudgment interest, post-judgment interest, and attorneys' fees. After the parties concluded the initial discovery

phase of this lawsuit, Plaintiffs settled their claims with all of the insurers except for Acceptance.

Both Woodward and Acceptance filed Motions for Summary Judgment. At that time, the case was assigned to United States District Judge Louis Guirola, Jr. In a Memorandum Opinion and Order, Judge Guirola held that Acceptance owed and breached a duty to defend Woodward, and that Acceptance lacked an arguable basis for failing to defend Woodward. For this reason, Acceptance was not entitled to summary judgment as to Woodward's claim for extra-contractual damages. Judge Guirola also determined that genuine issues of material fact existed regarding whether Acceptance had a duty to indemnify Woodward and Gray. Finally, Judge Guirola concluded that Acceptance was entitled to summary judgment regarding Woodward's bad faith claim.

The case was subsequently transferred to the undersigned. The Court conducted a jury trial in March 2011. The jury found that Woodward had incurred $393,392.02 in reasonable and necessary attorneys' fees in the arbitration. During the trial, the Court determined that the $403,348.06 in costs taxed to Woodward during the arbitration were covered under the Acceptance policy.

Pursuant to a Stipulation signed by the parties, the Court next held a bench trial in February 2012 on the issue of whether the fees and costs incurred by Woodward and Gray during the arbitration should be allocated among Acceptance and the settling insurers. During this trial, Gray voluntarily dismissed its claim for indemnification under the Acceptance policy. The Court found that Acceptance should

be required to pay twenty percent (20%), or $78,678.40, of the $393,392.02 in defense costs and expenses incurred by Woodward in the arbitration, but that Acceptance is not entitled to allocate the taxed costs because the Acceptance policy unambiguously provided that Acceptance would pay all costs taxed against its insured.  Following the bench trial, this Court entered an Order [378] awarding reduced extra-contractual damages to Woodward and Gray in the amount of $517,118.33.  The Court denied Woodward and Gray's request for prejudgment interest but granted their request for post-judgment interest.  The Court entered a Final Judgment providing that Woodward and Gray are entitled to recover a total of $999,144.79 from Acceptance at the post-judgment interest rate of 0.18%.

## II.  DISCUSSION

In its present Motion, Acceptance renews its earlier motion for judgment as a matter of law.  "A motion for judgment as a matter of law (previously, motion for directed verdict or J.N.O.V.) in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 405 (5th Cir. 2007) (citing *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995)). Such a motion should be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).  A court should grant a post-judgment motion for judgment as a matter of law only when "the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 486 (5th Cir. 2004) (citing *Thomas*

*v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000)).

In the alternative, Acceptance requests a new trial. "The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1). "A new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (citing *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985)). "If the new trial is granted on evidentiary grounds, the jury's verdict must be 'against the great—not merely the greater—weight of the evidence.'" *Scott,* 868 F.2d at 789 (quoting *Conway v. Chem. Leaman Tank Lines, Inc.,* 610 F.2d 360, 362 (5th Cir. 1980)). If allegations of prejudice are the basis of the motion, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking a new trial." *Sibley v. Lemarie,* 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.,* 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

Finally, Acceptance asks this Court to make additional or amended findings pursuant to Fed. R. Civ. P. 52(b). "The purpose of motions to amend is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). Rule 52(b) Motions should not be utilized to relitigate old issues, advance new

theories, present evidence that was available but not offered at trial, or obtain a rehearing on the merits. *Id.*

The Court has reviewed Acceptance's Motion, supporting Memorandum, and Reply, and it finds that Acceptance has not met the standards required for relief under Fed. R. Civ. P. 50, 52, and 59. Acceptance's Motion consists of arguments previously rejected by this Court. Acceptance also asks this Court to overturn its Memorandum Opinion and Order [200] concerning the parties' Motions for Summary Judgment, relying in part on evidence and arguments that were available but were not raised during the summary judgment briefing. Having considered the record and the relevant legal authorities, the Court is of the opinion that Acceptance's Motion should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Renewed Motion for Judgment as a Matter of Law under Rule 50 and for Amended and/or Additional Findings under Rule 52, or Alternatively, for New Trial under Rule 59 [380], filed by Acceptance Indemnity Insurance Company is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of July, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE